■ In the Matter of ALEXANDER S. and Another, Children Alleged to be Neglected. LUCY D., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. RONALD S., Intervenor-Respondent. [833 NYS2d 489]—

Order of fact-finding and disposition, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered May 16, 2006, which, upon a finding against respondent of neglect of the infant Alexander S., and of derivative neglect of the infant Charlotte S., ordered, inter alia, that respondent be placed under the supervision of petitioner Administration for Children's Services for a 12-month period, that her access to the children continue, for a 12-month period, to be supervised by the privately retained agency already in place, that she pay the lesser of $1,000 or 25%

of the amount billed by that agency each month as her share of the costs of her supervised access, and that she continue in her psychotherapy and recommended medication regimen and sign releases for petitioner to obtain reports from her treating mental health professionals as to her compliance with the therapy and medication regimen, unanimously modified, on the facts, to delete any provision requiring further supervision of respondent or of her access to the children, any provision requiring respondent to pay the costs of supervision, and any provision requiring respondent to undergo psychiatric treatment, and otherwise affirmed, without costs.

There is adequate support in the record for the court's findings of neglect and derivative neglect (see Matter of Victoria CC., 256 AD2d 931 [1998]; and see Matter of R./C. Children, 303 AD2d 172 [2003]).

However, the record does not support the court's determination that unsupervised visitation would be detrimental to the children (see Matter of Gainza v Gainza, 24 AD3d 551 [2005]) and that continued supervision of respondent's visitation with her children is in their best interests (see Matter of Valerie Leonice T., 107 AD2d 327, 329 [1985]).

Nor does the record support the court's determination that respondent must continue to be supervised by petitioner and to undergo psychotherapy and medication. Concur—Andrias, J.P., Friedman, Buckley, Sweeny and Catterson, JJ.