(November 8, 2007)

■ Ronald S., Respondent, v Lucille Diamond S., Appellant.
[846 NYS2d 85]—

Order, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered June 29, 2007, which, in an action for divorce, denied that part of defendant's motion seeking to recuse the court, and granted that part seeking to reargue an order, same court and Justice, entered April 11, 2007, that had, inter alia, awarded sole custody of the parties' children to plaintiff, specifying defendant's access to (i.e., visitation with) the children, and had denied defendant's application to discontinue supervision of her parenting time, and, upon reargument, adhered to the April 11 order, unanimously affirmed, without costs or disbursements. Appeal from the April 11 order unanimously dismissed, without costs or disbursements, as superseded by the appeal from the June 29 order.

The award of custody in favor of plaintiff father has a sound and substantial basis in the record (see Matter of James Joseph M. v Rosana R., 32 AD3d 725 [2006], lv denied 7 NY3d 717 [2006]). This includes, inter alia, the findings of the court-appointed expert psychiatrist that the father has better judgment than defendant mother, and that the children—twins who were born in May 2003 and have lived with the father since August 7, 2004—have flourished in his care (see Matter of Coakley v Goins, 240 AD2d 573 [1997]), and the findings of neglect made against defendant in a Family Court Act article 10 proceeding, affirmed in a decision issued one week after entry of the first order on appeal (Matter of Alexander S., 39 AD3d 358 [2007]). In that proceeding, we held on appeal that "the record does not support the court's determination that unsupervised visitation would be detrimental to the children and that continued supervision of [the mother's] visitation with her children is in their best interests" (id. at 359 [citation omitted]).

On a fuller record, however, after a nine-day custody trial in the instant matrimonial action that led to the award of sole custody to the father, the trial court fixed a visitation schedule providing the mother with frequent but supervised access to the children. As the record discloses, supervision of the mother's access to the children is essential for their welfare. There continues to be a pattern of poor parental judgment and of inattentiveness or distractability on her part that has endangered the children. For instance, she drove the children while talking

on her handheld cell phone and, at one point, while distracted by the phone conversation, put the car in reverse and drove backwards on Second Avenue. In the opinion of the court-appointed forensic evaluator, stress impairs the mother's ability to solve problems.

The mother asks to have the same access to the children as the father. At present, the children are in the care of a nanny after school and therapy until the father returns home from work, and also when he goes away on business trips. The mother has weekday access on Mondays and Wednesdays from after school to 6:30 P.M. She also has access on alternate weekends. On weekends when the father has access, the mother has access on Fridays from after school until half an hour before sundown. Holidays, birthdays and school vacations are allocated according to a schedule. We note the reports of difficulty the children have with transitions, and the court-appointed expert's recommendation that visits shorter than several hours take place at the home of the custodial parent. We suggest that one possible solution might be to permit the mother to go to the father's apartment on the afternoons when she does not have visitation, where the presence of a nanny hired by the father should mitigate his anxieties about the children's safety. This would significantly increase the mother's access and yet maintain the supervisory feature of visitation.

We have considered and rejected the mother's other arguments, including that the parties should be given separate decision-making zones, and that the court's alleged bias deprived her of a fair trial and warrants a new trial or the court's recusal. However, as in *Nimkoff v Nimkoff* (18 AD3d 344, 347 [2005]), we note that a child's best interests are "normally best protected by allowing the development of the fullest possible healthy relationship with both parents," and "[w]e are confident that the . . . court will exercise its discretion . . . with adequate consideration of the crucial role the noncustodial parent can play in the development of the young child[ren]." Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.