■ In the Matter of ANN D., Appellant, v DAVID S., Respondent. [9 NYS3d 251]—

Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about June 12, 2013, which, after a hearing, inter alia, awarded respondent father sole decision-making authority with respect to the children's religious practice and modified the parties' residential access schedule by expanding respondent's Wednesday overnight visitation with the children to include a full week every six weeks, unanimously modified, on the law and the facts, to vacate that portion of the order altering the residential access schedule and to revise the schedule for religious holidays as stated herein, and otherwise affirmed, without costs. Appeal from order, same court and J.H.O., entered on or about September 12, 2013, which denied petitioner mother's petition seeking, inter alia, a clarification of the June 12, 2013 custody order for failure to state a cause of action, unanimously dismissed, without costs, as abandoned.

The court improvidently exercised its discretion in determining that respondent should receive an additional week of parenting time with the children every six weeks (see *Matter of Damien P.C. v Jennifer H.S.*, 57 AD3d 295, 296 [1st Dept 2008], *lv dismissed* 12 NY3d 839 [2009]; *Ronald S. v Lucille Diamond S.*, 45 AD3d 295, 296-297 [1st Dept 2007]). Petitioner and the children's attorney argue that the children will suffer as a result of this expansion of time with respondent, and this argument has support in the record.

Although the respondent father is to retain decision-making authority over the children's religious upbringing, we see no reason to impose an extra requirement of written consent before petitioner may take the children to religious services or to prohibit her from attending services with them. In addition, the parties should share the enumerated Jewish holidays despite respondent's crucial role in the children's religious development. Thus, in odd-numbered years respondent father shall have the children for the first day of Rosh Hashanah, the first night of Chanukah, and the second night of Passover; petitioner mother shall have the children the second day of Rosh Hashanah, all of Yom Kippur, and the first night of

Passover. In even-numbered years, this schedule will be reversed.

Petitioner's contention that the court was biased against her was not preserved for appellate review and we decline to review it in the interest of justice (*see Matter of Maureen H. v Samuel G.*, 104 AD3d 470, 471 [1st Dept 2013]; *K. v B.*, 13 AD3d 12, 20 [1st Dept 2004], *appeal dismissed* 4 NY3d 776 [2005]). As an alternative holding, we find that the record fails to support her allegation. We note that the court allowed petitioner to remain the children's primary caretaker despite finding that her testimony was less than candid and that she repeatedly tried to minimize respondent's access to the children (*see Victor L. v Darlene L.*, 251 AD2d 178 [1998], *lv denied* 92 NY2d 816 [1998]).

We have considered petitioner's remaining contentions and find them unavailing. We note that petitioner has not raised any argument on appeal relating to the order entered on or about September 12, 2013. Concur—Renwick, J.P., Moskowitz, Richter and Clark, JJ.