■ FRANCES KAHN, Plaintiff, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. BROADWAY MAINTENANCE CORP., Third-Party Defendant; DUNCAN PARKING METER MAINTENANCE CO., INC., Third-Party Defendant-Appellant.— Order, Supreme Court, Bronx County, entered December 16, 1970, reversed, on the law, and the motion of third-party defendant Duncan Parking Meter Maintenance Co., Inc. for summary judgment dismissing third-party complaint of City of New York as to it is granted. Appellant shall recover of respondent City of New York $50 costs and disbursements of this appeal. The third-party defendant properly utilized the summary judgment remedy to procure a determination whether or not the city had a basis to a right of indemnity over. Such a motion is favored as " a fruitful remedy " and thereupon there should be a " disclosure of the facts " alleged to support the third-party's right of indemnity. (See Braun v. City of New York, 17 A D 2d 264, 268, BREITEL, J. P.) Where, upon such a motion, the third-party plaintiff's right of indemnity is properly challenged by sufficiently detailed affidavits, it is incumbent upon the third-party plaintiff to come forward with answering affidavits asserting evidentiary facts. He is bound to reveal his proofs in support of the claim over. (See Indig v. Finkelstein, 23 N Y 2d 728, affg. 29 A D 2d 851; Shapiro v. Health Ins. Plan, 7 N Y 2d 56; Lamarr v. Klein, 35 A D 2d 248; Ball v. United Artists Corp., 13 A D 2d 133, 141; Di Sabato v. Soffes, 9 A D 2d 297.) The third-party plaintiff may not rely upon the allegations of his complaint as constituting proof supporting his alleged claims. Allegations in a pleading or bill of particulars are not accepted as proof defeating a summary judgment application. (See Indig v. Finkelstein, supra, p. 729, and cases cited.) Under the circumstances, the allegation in the third-party complaint that the contract provided that the third-party defendant should indemnify and save harmless the city does not constitute proof that there was such a contract. Here, answering affidavits were requested five days before the return day, but, according to the record on appeal as settled, there appears to have been nothing submitted by way of a factual showing in opposition to the motion for summary judgment. The affidavit submitted in opposition by the Assistant Corporation Counsel merely refers to the pleadings and merely states the city's contentions. Although there is the claim of a contractual right of indemnity, the city has failed to submit any proof of the same. The dissenting memorandum, in an effort to support a case in behalf of the city, refers to a contract not contained in the record and which is not proven or identified as to parties, date or subject matter. As a basis for a " possibility of a claim over " (citing Braun v. City of New York, 17 A D 2d 264, 268), reference is made to a provision in such alleged contract whereby the " Contractor " agrees to indemnify the city for claims for damages and injuries " to persons or property resulting from the negligence or carelessness of the Contractor or his subcontractors, on account of any act or omission of the Contractor " in the matter of the work to be performed or the materials or equipment furnished under the contract or on account of the failure of the contractor to perform under the contract or to maintain parking

meters as therein provided. Here, however, the alleged defective condition of the street was not caused by the act or omission of a contractor or subcontractor but occurred by reason of an act of a third person, a motorist. There is nothing factually submitted to indicate the applicability of this particular contractual provision. In any event, the court should not base a determination upon the construction and application of special contractual provisions which were not presented or considered at Special Term or reviewed in the briefs or arguments of the parties to the appeal, particularly where such construction and application may be disputed. (Cf. *Glomboski* v. *Baltimore & Ohio R. R. Co.*, 35 A D 2d 772.) Moreover, the city prepared and prosecuted its appeal on a record on appeal. We should not go beyond that record to seek out and consider the effect of contractual provisions or other evidentiary data claimed to support a right of indemnity. An appellant who submits an appeal on an incomplete record should abide the consequences. (See *Di Francesco* v. *Di Francesco*, 23 A D 2d 740.) "It is well established that review by this court is limited to the record made before Special Term and the court is bound by the certified record on appeal." (*Mulligan* v. *Lackey*, 33 A D 2d 991, 992; see, also, *Matter of Niagara County Water Dist.* v. *Board of Assessors*, 31 A D 2d 1004.) Finally, the city fails to show a right of indemnity on the theory that it may have been merely passively negligent whereas the third-party defendant was guilty of active negligence. It affirmatively appears that the condition of the sidewalk, including the hole therein responsible for plaintiff's fall on June 12, 1962, occurred as a result of an automobile accident a month previously, on May 12, 1962, when a parking meter was struck by an automobile. The city, through its Police Department, had immediate notice of the accident and of the hole in the sidewalk. Notice to the police was notice to the city (*Kunz* v. *City of Troy*, 104 N. Y. 344) and, under the circumstances, the city's failure to repair after actual notice would constitute active negligence as a failure to comply with a nondelegable duty. (See *Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112.) "Active negligence * * * is not determined by whether the conduct of the party seeking indemnification is affirmative or passive, for acts of omission as well as acts of commission may constitute active negligence". (*Jackson* v. *Associated Dry Goods Corp.*, *supra*, p. 116.) Accordingly, absent a factual showing that the parties were not *in pari delicto*, the city would not have a right of recovery over against the third-party defendant for alleged active negligence in also failing to comply with an obligation (contractual or otherwise) to repair. (Cf. *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447; *Sobel* v. *City of New York*, 9 N Y 2d 187.) The summary judgment remedy is particularly a useful one and should be encouraged. (See *Senrow Concessions* v. *Shelton Props.*, 10 N Y 2d 320, 326; *Julien J. Studley, Inc.* v. *Goldner*, 28 A D 2d 1103.) The use of the remedy is frustrated where, as here, the opposing party merely relies on his pleadings and fails to come forward and reveal his proofs to show an issue of fact. In this case, if the city were able to show that there did exist an issue of fact, its remedy was not to appeal upon a record devoid of any showing on its part but to timely request permission to reargue and to submit its proofs. Concur — Stevens, P. J., Markewich and Eager, JJ. Capozzoli and Tilzer, JJ., dissent in the following memorandum by Capozzoli, J.: I dissent and vote to affirm the order denying the motion of the third-party defendant-appellant for summary judgment dismissing the third-party complaint. The main thrust of the majority opinion is directed to the failure of the city to have produced the contract which exists between the third-party defendant and the city. It seems to me that this is a highly technical position for the majority to assume.

Both sides have referred to the contract in their pleadings and in their briefs. If anything, it is settled law that the defendant, who moved for summary judgment, was under the duty to produce all documents and any evidentiary facts to warrant granting of its motion. (*O'Connor-Sullivan* v. *Otto*, 283 App. Div. 269.) This rule was stated in the last cited case (p. 272) in the following language: "The plaintiff is the one seeking summary judgment and the burden rests upon it, in the first instance, to set forth 'such evidentiary facts as shall * * * establish the cause of action sufficiently to entitle plaintiff to judgment' (Rules Civ. Prac., rule 113)." The third-party complaint, in its fourth and fifth paragraphs, sets forth the following: "FOURTH: That heretofore and prior to the date of the alleged accident, the third-party plaintiff, The City of New York, entered into a contract in writing with the third-party defendants, Broadway Maintenance Corp. and Duncan Parking Meter Maintenance Co., Inc., for maintenance of parking meters reference being made to said contract with the same force and effect as though all the terms and provisions of said contract were fully incorporated herein. FIFTH: Upon information and belief, that the said contract provided, among other things, that the third-party defendants, Broadway Maintenance Corp. and Duncan Parking Meter Maintenance Co., Inc., shall indemnify and save harmless The City of New York from all suits or actions and damages and all costs of every name and description to which The City of New York may be subjected by reason of injury to the person or property of another." Certainly, the position of the city is made clear that, amongst its other contentions, it relies on an indemnification clause which is contained in the existing contract. Whether or not the city can prove that the facts in the case come within this clause must await a trial. It is, of course, true that, ordinarily, the record on an appeal should be complete and any document relied upon by either party should be made part of the record. However, in the case at bar, the application of this rigid rule is uncalled for. Both parties know exactly what each claims and there is no reason to adopt a technical approach to the resolution of the issue. In any event, I am firmly of the opinion that, since this is a contract with the City of New York, it is a public document in the sense that it is subject to inspection by a member of the public. A reference to section 93a–1.0 of the Administrative Code of the City of New York discloses the following language: "The comptroller shall keep and file in his office all evidence of debts, contracts, bonds of indemnity and official bonds except as otherwise provided by law." A reading of subdivision 4 of section 93–1.0 in part, discloses the following: "All books, records and reports in the custody of such bureau, and all reports made by such bureau to the comptroller, except reports upon investigations of criminal acts, or reports upon investigations to aid in the defense of actions at law brought against the city, before such acts or actions have been reviewed by the courts, shall be accessible to the public". In view of the provisions of the Administrative Code, quoted above, there can be no question that this court has the right, and, I submit, the duty of taking judicial notice of the terms of this contract in order to arrive at a proper decision in the case. In *Kirp* v. *Caleb's Path Realty Corp.*, (19 A D 2d 744, 745) the court said: "For the purpose of sustaining a judgment, incontrovertible, documentary evidence dehors the appeal record may be received by an appellate court [citing cases]." Accordingly, I have examined the contract and I find the following therein: "The Contractor shall indemnify and hold the City harmless from any and all claims and judgments for damages and from costs and expenses to which the City may be subjected or which it may suffer or incur by reason of losses, damages,

death or injuries to persons or property resulting from the negligence or carelessness of the Contractor or his subcontractors, on account of any act or omission of the Contractor of any part of the work agreed to be performed or from any improper or defective material, machinery or appliance used in performing the work or from any failure of the Contractor to perform the work which the Contractor agrees to perform under this contract or by reason of any condition resulting from the Contractor's failure to maintain parking meters or any part thereof as required by this contract and the whole or so much of the money due, or to grow due the Contractor under this contract as shall or may be considered necessary by the Comptroller of the City, may at his option, be retained by the City until all suits or claims for damages shall be settled or otherwise disposed of and evidence to that effect, furnished to the satisfaction of the Comptroller. The Contractor shall remove all parts and appurtenances that may have become separated from the parking meter which its patrol inspection and repair crews find on the public highway." It is now well settled that " third-party complaints are entitled to a more liberal reading than others. * * * Hence, the mere possibility of a claim over sustains the sufficiency of a third-party pleading." (*Braun* v. *City of New York,* 17 A D 2d 264, 268.) Because of the reasons given above, I am convinced that a trial must be had in this case in order to determine all the issues raised by the parties. The court below properly denied the third-party defendant's motion for summary judgment and its decision should stand.