■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HORTON, Appellant. — Judgment unanimously affirmed. Memorandum: The defendant's statement was procured by police interrogation after the filing of a felony complaint and, therefore, it should have been suppressed (*People v Samuels,* 49 NY2d 218). Nevertheless, its receipt in evidence was harmless error, for there was no reasonable possibility that it might have contributed to the defendant's conviction (*People v Almestica,* 42 NY2d 222; *People v Crimmins,* 36 NY2d 230). The proof was overwhelming that the defendant caused the death of the victim. Two eyewitnesses, both friends of defendant, testified that the defendant fired several shots at the victim and another witness testified that the defendant admitted the shooting. Defendant's only plausible argument to the jury was lack of intent to kill or injure and in that regard the statement was exculpatory and helpful to the defendant. In his statement defendant said he fired the gun to scare the victim and did not know whether he hit her or not. The court's instructions on intent were not in violation of *Sandstrom v Montana* (442 US 510); they were qualified by the language that "In other words, it was not necessary to show a person's intent by his own statement. It may be inferred from his acts and from his conduct * * * So you must consider all of the facts presented to determine what the intent was." (See *People v Getch,* 50 NY2d 456; *People v Green,* 50 NY2d 891; *People v Bradley,* 76 AD2d 939; *People v Ramirez,* 76 AD2d 115; *People v Barr,* 75 AD2d 14.) We have examined the points raised in the supplemental brief and find them to be without merit. (Appeal from judgment of Onondaga County Court, Burke, J. — murder, second degree.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.