■ In the Matter of DWIGHT M., a Person Alleged to be a Juvenile Delinquent.—Order unanimously affirmed without costs. Memorandum: By petition, the Monroe County Attorney's Office, an authorized presentment agency, accused respondent of having committed an act which, if done by an adult, would constitute assault in the second degree, as defined in Penal Law § 120.05 (2) (intentionally causing injury to another by means of a deadly weapon or a dangerous instrument). Following the fact-finding hearing, Family Court determined that the agency's proof that respondent acted intentionally was insufficient. However, Family Court found that the proof was sufficient to support a finding that respondent committed an act which, if done by an adult, would constitute assault in the third degree, a lesser included offense of assault in the second degree (recklessly causing injury). Consequently, Family Court adjudicated respondent a juvenile delinquent and, after a dispositional hearing, placed respondent on probation for a year.

On appeal, respondent argues that Family Court lacked authority to base an adjudication upon a finding that respondent committed a lesser included offense of the one charged in the petition. Respondent asserts that, according to Family Court Act § 345.1, Family Court must dismiss the petition if the charge alleged in the petition is not proven. Respondent further argues that for Family Court to base an adjudication upon proof that respondent committed a lesser included offense, it would be necessary to read the CPL provisions governing lesser included offenses into the Family Court Act, which is prohibited by Family Court Act § 303.1.

We are not persuaded by respondent's argument. The court does not obtain its power to convict of a lesser included offense from the CPL, because those provisions of the CPL merely

codify the common-law principle that a prosecution shall not fail if the proof supports a lesser included offense of the one charged (see, *People v Miller,* 143 App Div 251, 253-254, *affd* 202 NY 618). Moreover, adopting respondent's position would produce the absurd result that presentment agencies would be required to charge, as separate counts, every lesser included offense to avoid dismissal should the proof be lacking on the higher offense. This cannot be the intended result of the legislation, particularly because, in order to sustain a juvenile delinquency adjudication, it is necessary for the court to find only that respondent committed an act which, if committed by an adult, would constitute a crime. The particular degree is not relevant. Further support for the rejection of respondent's argument is found in Family Court Act § 321.2 (2), which empowers Family Court to accept an admission from respondent to the offense charged in the petition or any lesser included offense. It would be inconsistent for the court to have the power to accept an admission to a lesser included offense, but not be empowered to find, after a fact-finding hearing, that respondent had committed a lesser included offense.

Upon our review of the record, we conclude that the proof was sufficient to support a determination that respondent committed reckless assault and that the determination is not against the weight of the evidence (see, *People v Bleakley,* 69 NY2d 490). (Appeal from Order of Monroe County Family Court, Sciolino, J.—Juvenile Delinquency.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.