■ In the Matter of ANDRE D., a Person Alleged to be a Juvenile Delinquent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Respondent was charged with conduct which, if he were an adult, would constitute the crime of assault in the second degree *(see,* Penal Law § 120.05 [1]). Neither the factual allegations of the petition, together with those in the supporting affidavits, nor the evidence at the hearing substantiated the elements of the crime of assault in the second degree. The allegations and evidence were insufficient to prove that complainant sustained serious physical injury and that respondent intended to inflict serious physical injury. They were sufficient, however, to establish that respondent committed an act which, if done by an adult, would constitute assault in the third degree, a lesser included offense of assault in the second degree *(see,* Penal Law § 120.00 [1]; § 120.05 [1]; *Matter of Dwight M.,* 175 AD2d 594, *lv granted* 78 NY2d 863).

The facts, as alleged and as testified to at the hearing, were that respondent punched complainant once in the jaw with an

unspecified amount of force causing complainant substantial pain for one week and a slight displacement and clicking of the jaw. The displacement and clicking were not permanent and were expected to be resolved by conservative treatment within two to six months. The dentist who treated complainant did not know whether complainant was bothered by the clicking and complainant gave no indication that she was. "Since the causing of serious physical injury is generally a felony, the injury threshold is, reasonably, substantial" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 10.00, at 20). The injuries in this case were not sufficiently substantial to meet the threshold of serious physical injury (see, Penal Law § 10.00 [10]). Moreover, there is insufficient evidence to prove respondent's intent to cause serious physical injury. Whereas it may be inferred that a person intends the natural and probable consequences of his acts (People v Lieberman, 3 NY2d 649, 652; Richardson, Evidence § 90 [Prince 10th ed]; see also, People v Getch, 50 NY2d 456; People v Horton, 88 AD2d 762), it is not natural and probable that the act of the thirteen-year-old respondent, in punching complainant once in the jaw, would result in serious physical injury as defined by Penal Law § 10.00 (10). The proof, however, was sufficient to establish that, as a result of respondent's actions, the complainant sustained "physical injury" (Penal Law § 120.00 [1]) in that she suffered an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Further, it can be inferred from the evidence that, by punching the complainant in the jaw, respondent intended to cause physical injury.

Therefore, the fact-finding order is modified to recite that respondent did an act which, if done by an adult, would constitute the crime of assault in the third degree as defined by section 120.00 (1) of the Penal Law, the order of disposition is vacated, and the matter is remitted to Family Court for a new dispositional hearing and order. (Appeal from Order of Monroe County Family Court, Bonadio, J.—Juvenile Delinquency.) Present—Callahan, J. P., Boomer, Lawton, Boehm and Davis, JJ.