■ In the Matter of SANTOSHIA L., a Person Alleged to be a Juvenile Delinquent. [609 NYS2d 724] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of disposition adjudicating her a juvenile delinquent for committing acts that, if committed by an adult, would constitute the crime of assault in the third degree. We reject the contention that the presentment agency failed to present evidence sufficient to prove beyond a reasonable doubt that respondent intended to cause physical injury or that the victim suffered a physical injury. The requisite intent is inferable from the brutal nature and extent of the assault *(see, Matter of Andre M.,* 182 AD2d 1108). Moreover, the proof establishes that respondent, prior to the altercation, threatened to "bust [the victim] in the mouth". Although the witnesses proffered conflicting versions of the incident, we perceive no basis to disturb the hearing court's resolution of witness credibility.

The victim testified that she sustained a yellowish bruise on her temple, a "big egg" on the back of her head and other scrapes and bruises in her rib area and hip; that she received hospital treatment and took pain medication; that the following day she was unable to partake of Thanksgiving dinner because of her injuries; and that those injuries caused pain that lasted for about a week. That testimony was adequate to prove that respondent caused "physical injury" (Penal Law § 10.00 [9]; *see, People v Miller,* 146 AD2d 809, *lv denied* 73 NY2d 980; *People v Esquilin,* 141 AD2d 838, *lv denied* 73 NY2d 854; *People v Fasano,* 112 AD2d 791, *lv denied* 65 NY2d 979).

We have not considered respondent's contention that Family Court's disposition, directing that respondent be placed in a residential facility for 12 months, is harsh or excessive. The stipulated record does not include the transcript of the dispositional hearing or a "clinic" report that Family Court relied upon in making its disposition. Respondent, as the appellant, submitted this appeal on an incomplete record and must suffer the consequences (see, Kahn v City of New York, 37 AD2d 520, 521, affd 30 NY2d 690; see also, People v Larrabee, 201 AD2d 924). We note that the probation report supports the disposition made in this case. (Appeal from Order of Erie County Family Court, Mix, J.—Juvenile Delinquency.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.