■ CIRRO RODRIGUEZ, Appellant, v NATIONAL EQUIPMENT CORPORATION, Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. FERRARA FOODS & CONFECTIONS, INC., Third-Party Defendant-Respondent. [759 NYS2d 55] Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered June 29, 2001, which granted defendant National Equipment Corporation's (National) motion and third-party defendant Ferrara Foods & Confections' (Ferrara) cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion and cross motion denied and the

complaint reinstated. Appeal from order, same court and Justice, entered January 11, 2002, which denied plaintiff's motion for leave to reargue and renew, unanimously dismissed, without costs, in view of the foregoing.

Although plaintiff concededly failed to perfect his appeal from the order granting summary judgment in a timely manner or move to enlarge the time in which to perfect such appeal (22 NYCRR 600.11 [a] [3]), neither defendants-respondents move to dismiss that appeal and the appeal from the order entered January 11, 2002 was timely perfected. Moreover, there is no showing of any resulting prejudice from plaintiff's delay. Accordingly, in the interest of justice, we deem such appeal timely for a determination on the merits.

The IAS court erred in granting summary judgment inasmuch as questions of material fact exist, inter alia, as to whether the subject mixer, which allegedly caused plaintiff's injuries, was purchased from National. The affidavit of M. Tonnaer-Peters, a principal of defendant Tonnaer Machines B.V., which unequivocally states that National was the only known United States distributor for Tonnaer machines, sufficiently raises triable issues of fact. Similarly, the statement of Edward Scoppa, a manager of Ferrara, that the subject mixer was purchased by Ferrara from National in 1978, which was admissible as both an admission by a party to a material fact at issue and as a prior inconsistent statement, precludes summary relief.

Since the Tonnaer-Peters affidavit was previously submitted on the original motion in fax form and was considered by the IAS court, plaintiff's motion for leave to reargue and renew was properly denominated as one to reargue and, as such, is nonappealable (*see Lichtman v Mount Judah Cemetery*, 269 AD2d 319, 320 [2000]).

We have considered defendants-respondents' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.