■ In the Matter of Victoria Boyd-Brooks, Respondent, v Matthew Brooks, Appellant. [776 NYS2d 428]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered January 2, 2003. The order confirmed an order of a Hearing Examiner finding that respondent willfully violated an order of support and committed respondent to the Erie County Correctional Facility for a term of 90 days.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject the contention of respondent that Family Court erred in confirming the Hearing Examiner's order finding that he was in willful violation of an order directing him to pay support for his three children. Petitioner testified that respondent made only one payment and one partial payment in 2002, and she presented records of the Erie County Support Collection Unit establishing that the amount due at the time of the hearing was $18,480.53. That amount was based in part upon the amounts awarded in judgments resulting from three prior violation proceedings. Thus, petitioner met her burden of presenting prima facie evidence of respondent's willful violation of the support order, and the burden then shifted to respondent to rebut petitioner's prima facie showing (*see Matter of Leslie v Rodriguez*, 303 AD2d 1016 [2003]). As respondent properly concedes, there is a presumption that he has the ability to support his children (*see* Family Ct Act § 437). Respondent testified that his health problems caused him to have a low energy level and that he therefore was unable to maintain employment. He admitted on cross-examination that he had been addicted to crack cocaine since 1994 but denied that his addiction affected his ability to work. Respondent failed to present any evidence

that he made a reasonable effort to obtain employment (*see Leslie,* 303 AD2d at 1017). Thus, "[t]he record supports the court's determination that respondent failed to present credible evidence that he was financially unable to comply with the order" (*Matter of Livingston County Child Support Collection Unit v Grimmelt,* 306 AD2d 930, 930-931 [2003]). We have considered respondent's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.