▮ In the Matter of KIRAN ELIZABETH BUCKNER ARMSTEAD et al., Appellants, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent, et al., Respondents. [787 NYS2d 38]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered August 27, 2003, which, in this proceeding for an accounting, removal of the institutional trustee, recovery of lost profits as the result of commission overcharges, and disgorgement of commissions received, granted Morgan Guaranty Trust Company's motion for summary judgment dismissing the peti-

tion, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 9, 2004, which denied petitioners' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Defendant Morgan administered 12 separate trusts for the settlor's grandchildren. Although the trustee's compensation was subject to the provision that it "shall be computed as if all the separate trusts hereunder constituted a single undivided trust," Morgan charged commissions based on the existence of 12 individual trusts, thereby collecting over $2.5 million in excess commissions over a 14-year period. When the error came to light in 2001, Morgan, after a two-month delay, repaid the amount overcharged with 9% interest. Petitioners commenced this proceeding to recover investment profits of some $900,000, alleged to have been lost due to the unavailability of the funds, asserting that Morgan had acted in bad faith by intentionally charging excessive commissions. The petition also sought removal of Morgan as institutional trustee and disgorgement of all commissions it had received for acting in that capacity.

The relief sought by petitioners was properly denied. Significantly, the petition does not allege that Morgan's conduct endangered the trusts, which appreciated considerably under its stewardship. Thus, this matter is readily distinguishable from those cases relied upon by petitioners, in which a trustee exhibited reckless disregard for the beneficiaries' interests or engaged in intentional wrongdoing (*see Lubell v Samson Moving & Stor.*, 307 AD2d 215, 216-217 [2003]). Rather, this dispute involves the largely commercial question of how much the trustee is entitled to receive as payment for its faithful performance of its duties.

Even under circumstances warranting a surcharge, a trustee is entitled to commission where "there is no fraud . . . no gross neglect of duty, no intentional harm to the trust or sheer indifference to the rights of others or disloyalty as would, in addition to answerability, call for punishment of the fiduciary" (*Matter of Mendleson*, 46 Misc 2d 960, 978 [1965]). We agree with Supreme Court that, favorably viewing the evidence adduced by petitioners, as opponents of the dismissal motion, they have failed to identify a bona fide question of fact requiring trial (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). Morgan explained that the overcharge resulted from its failure to issue appropriate instructions for the aggregation of commission charges and the restrictions on communications between its trust officers in New York and its fee department in Delaware, which lacked access to the trust instrument. This explanation, together with

the absence of any allegation of malfeasance in connection with its management of the corpus, demonstrates the trustee's freedom from bad faith and establishes its prima facie entitlement to summary judgment (*see Matter of Janes*, 90 NY2d 41, 55 [1997]; *Matter of Goldstick*, 177 AD2d 225, 239 [1992], *mod* 183 AD2d 684 [1992]). Petitioners' evidence proves only that Morgan was negligent in implementing operating procedures for calculating commission charges due under the trust instrument.

To the extent Morgan's removal is sought on the ground of antagonism with the Orr family beneficiaries and a cotrustee appointed to represent their interests, we note that Morgan has already resigned as trustee with respect to the affected trusts, and there is no evidence of friction between Morgan and the other beneficiaries.

On their motion for reargument, petitioners asserted that Supreme Court improperly imposed upon them the burden to demonstrate Morgan's bad faith, arguing that the law places upon the trustee the burden to establish its fairness in dealing with trust beneficiaries (*see Matter of Greiff*, 92 NY2d 341, 345 [1998]; *Cowee v Cornell*, 75 NY 91, 99-100 [1878]), and to make that showing by clear and convincing evidence (*Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 698-699 [1978]). Supreme Court properly noted that petitioners failed to show that any fraud was committed by the fiduciary to warrant the imposition of such a burden on Morgan. Therefore, petitioners failed to identify any misapplication of law or fact to support their application (CPLR 2221 [d] [2]). Concur—Tom, J.P., Saxe, Lerner, Marlow and Sweeny, JJ.