■ HELENE PROVENCAL-DAYLE, Respondent, v DWIGHT DAYLE, Appellant. [858 NYS2d 53]—

Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about August 16, 2007, which confirmed a determination of the Support Magistrate, dated July 16, 2007, that respondent willfully failed to obey an order of support, and ordered that respondent be committed to the Department of Correction for six months or until a $60,000 undertaking was paid to the Child Support Collection Unit, unanimously affirmed, without costs.

Respondent's failure to pay support as ordered constituted prima facie evidence of a willful violation of a support order, which respondent failed to rebut with competent evidence (see Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]; Matter of Maria T. v Kwame A., 35 AD3d 239 [2006]). Although respondent claims that he did submit such evidence, he failed to

include in the record on appeal most of the minutes from the hearing before the Support Magistrate, and the Support Magistrate's findings of fact state otherwise. Accordingly, respondent "having submitted the appeal on an incomplete and insufficient record must abide the consequences" (*Di Francesco v Di Francesco*, 23 AD2d 740, 740 [1965]; *see Kahn v City of New York*, 37 AD2d 520, 521 [1971], *affd* 30 NY2d 690 [1972]). Furthermore, in light of respondent's long history of nonpayment and the large sum of arrears, the court did not improvidently exercise its discretion in declining to accept the Support Magistrate's recommendation that respondent be incarcerated for 30 days unless a $25,000 undertaking was paid, and instead imposing a six-month sentence of incarceration until a $60,000 undertaking was paid (*see* Family Ct Act § 454 [1], [3]). Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ.