■ In the Matter of JOHN T., Respondent, v OLETHEA P., Appellant. [883 NYS2d 38]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about October 25, 2007, as amended October 26, 2007, which committed respondent mother to the New York City Department of Correction for weekends between October 26, 2007 and April 27, 2008, based upon an order of the same court and Judge, entered on or about June 19, 2007, confirming the findings of the Support Magistrate that respondent willfully violated an order dated July 7, 2005, which fixed arrears at $39,200 and directed payment of $25 per month in child support, unanimously reversed, on the law, without costs, the order of commitment and the order fixing arrears vacated and the matter remanded for further proceedings consistent herewith.

The evidence shows that in June 2001, a default judgment was entered directing respondent to pay $1,065 per month in child support. In May 2004, she filed a modification petition and the Support Magistrate found that she had demonstrated sufficient changes in circumstances to warrant a reduction in her support obligation for one year due to the fact that she was unable to seek employment because of a psychiatric disability. Approximately one year later, respondent moved to terminate the

support obligation based on the fact that her sole means of support was Supplemental Security Income (SSI). At that time, the court imposed a $25 per month support obligation, found that she was unable to work due to her disability and fixed arrears at over $39,000.

Respondent filed an objection seeking to cap the arrears at $500, pursuant to Family Court Act § 413 (1) (g), and she submitted evidence that her sole means of support since 2001 was SSI benefits which were below the poverty guidelines of the Department of Health and Human Services (HHS). The objection was denied without prejudice.

In 2006, petitioner father filed a petition alleging that respondent failed to abide by the support order. At the hearing, respondent once again detailed that her sole source of income was $710 per month from SSI. The Support Magistrate directed respondent to pay the $25 per month in child support, but respondent refused. Based on this refusal, the Support Magistrate found that she willfully failed to comply with the support order and recommended incarceration. This finding was confirmed by the court after respondent failed to appear on two court dates.

A respondent is prima facie presumed in a hearing under section 454 of the Family Court Act to have sufficient means to support his or her children. The failure to provide support as ordered itself constitutes "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]). The burden of going forward requires respondent to offer some competent, credible evidence of the inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]; *Provencal-Dayle v Dayle*, 50 AD3d 502 [2008], *lv denied* 10 NY3d 716 [2008]). Where a noncustodial parent demonstrates that she needs Social Service financial assistance, she satisfies "one unassailable criterion to overcome the presumption that would require her to be obligated for support of her [child]" (*Matter of Rose v Moody*, 83 NY2d 65, 70 [1993], *cert denied* 511 US 1084 [1994]).

Here, respondent demonstrated that her sole source of income was SSI benefits, and the court recognized that she suffered from a psychiatric disability which prevented her from working. Although some of respondent's comments to the Support Magistrate and to the court below are troubling, absent proof of an ability to pay, an order of commitment for willful violation of a support order may not stand (*see* Family Ct Act § 455 [5]; *Matter of Riccio v Paquette*, 284 AD2d 335 [2001]).

Furthermore, inasmuch as the evidence shows that respondent's income from 2001 forward never exceeded HHS poverty guidelines, the arrears should have been fixed at $500 (*see Mat-*

*ter of Walsh v Shevlin,* 307 AD2d 322 [2003]). The question of what appellant's future support payments should be is not properly before us on this appeal, which is solely seeking to overturn a willfulness finding. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.