■ In the Matter of NANCY R., Respondent, v ANTHONY B., Appellant. [995 NYS2d 17]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about November 6, 2013, which committed respondent-appellant father to the New York City Department of Correction for a three-month term based upon an order of the same court and Judge, entered on or about August 13, 2013, confirming the finding of the Support Magistrate that respondent willfully violated an order, dated August 24, 2009, which directed him to make bi-weekly payments of $305.30 in child support, unanimously affirmed, without costs.

We reject respondent's contention that the matter should be remanded for a new hearing because the transcripts from the willfulness and confirmation hearings are missing. The record demonstrates that respondent never sought a reconstruction hearing prior to the appeal being perfected, even though he was aware that the aforementioned transcripts could not be produced. Moreover, we find that respondent suffers no prejudice, because he stipulated to the accuracy of the record, which is sufficient for this Court to determine the issue of willfulness (see *Matter of Mikel B. [Carlos B.]*, 115 AD3d 1348, 1348 [4th Dept 2014]).

Review of the record demonstrates that during the underlying proceeding, respondent acknowledged the support arrears which constituted prima facie evidence that his failure to comply with the support order was willful (see *Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]; *Matter of Maria T. v Kwame A.*, 35 AD3d 239, 240 [1st Dept 2006]; *Griffin v Griffin*, 294 AD2d

188, 188 [1st Dept 2002]). The record also demonstrates that respondent failed to offer some competent, credible evidence of his inability to make the required payments. It is undisputed that respondent lost his employment in 2009, and that he testified about his income, assets, and inability to find work. However, respondent failed to substantiate his claims with documentation, such as a signed tax return (*see Matter of John T. v Olethea P.*, 64 AD3d 484, 485 [1st Dept 2009]; *Matter of Childress v Samuel*, 27 AD3d 295, 296 [1st Dept 2006]).

Although respondent did submit a job search diary, the support magistrate, who was in the best position to evaluate his credibility, did not believe that he was diligently searching for new employment commensurate with his qualifications and experience (*see Matter of Maria T.*, 35 AD3d at 240). Given the Family Court's broad discretion in imputing income to a parent, particularly, where, as here, there is evidence suggesting that respondent has underreported income, the magistrate's assessment that he lacked credibility should be given deference (*see Squitieri v Squitieri*, 90 AD3d 500, 500 [1st Dept 2011]).

The Family Court acted within its discretion when ordering respondent to serve a three-month term of incarceration inasmuch as it is given the authority to commit him "to jail for a term not to exceed six months" (Family Ct Act § 454 [3] [a]) upon its finding that he willfully failed to obey a lawful support order (*see Matter of Ana B. v Hector N.*, 100 AD3d 476, 477 [1st Dept 2012]). Lastly, in light of the proof that respondent owed $27,646.27 in support arrears, the $10,000 he was required to pay in order to purge the contempt was not unreasonable. Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.