■ In the Matter of ELYORAH E., Respondent, v IAN E., Appellant. [4 NYS3d 522]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about November 13, 2013, which, to the extent appealed from, confirmed an order of a Support Magistrate, dated September 5, 2013, finding, after a hearing, that respondent willfully violated a child support order, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about December 23, 2013, which denied respondent's objections to other portions of the Magistrate's order, unanimously dismissed, without costs, as abandoned.

At the outset, we note that although respondent failed to timely perfect his appeal, petitioner neither moved to dismiss the appeal nor argued that she was prejudiced by the delay. Accordingly, in the interest of justice, we deem the appeal timely (*see Rodriguez v National Equip. Corp.*, 304 AD2d 494 [1st Dept 2003], *lv dismissed* 1 NY3d 546 [2003]).

Petitioner presented prima facie evidence of respondent's willful violation of a lawful support order. In opposition, respondent failed to show by competent, credible evidence that he is incapable of making the required payments (*Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). Respondent argues that he demonstrated his inability to pay by establishing that he suffers from a mental illness. Even assuming that respondent's largely unsupported testimony sufficiently established that his gambling addiction is a mental illness, he failed to show that his addiction affected his ability to work (*see Matter of John T. v Olethea P.*, 64 AD3d 484, 485 [1st Dept 2009]; *Matter of Greene v Holmes*, 31 AD3d 760, 762 [2d Dept 2006]; *Matter of Boyd-Brooks v Brooks*, 6 AD3d 1143, 1143-1144 [4th Dept 2004]). Rather, the evidence established that respondent was able to work, that he often gambled away his earnings, and that his mother largely paid for his child support payments and living expenses.

In addition, respondent acknowledged that he had been gambling throughout the pendency of the proceedings, and did not seek effective treatment until nearly three years after this proceeding was commenced (*see Matter of Snyder v Snyder*, 277 AD2d 734 [3d Dept 2000]).

We note that respondent has not raised any argument on appeal relating to the order entered on or about December 23, 2013. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.