# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1163**
**CAF 13-01349**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

IN THE MATTER OF NADYA S.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

BRAUNA S., RESPONDENT-APPELLANT.

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

-------------------------------------------------------------------------

     Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered July 19, 2013 in a proceeding pursuant to
Social Services Law § 384-b.  The order, among other things,
transferred guardianship and custody of the subject child to
petitioner.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Petitioner commenced this proceeding seeking to
terminate the parental rights of respondent mother with respect to her
daughter on the grounds of, inter alia, mental illness (*see* Social
Services Law § 384-b [4] [c]).  We note at the outset that the
mother's contention that Family Court erred in admitting in evidence
the records of a certain agency is moot inasmuch as those records
related only to the petition alleging that the child was a permanently
neglected child (*see* § 384-b [4] [d]), which the court dismissed with
prejudice.  To the extent that the mother contends that other records
were improperly admitted in evidence, those records are not part of
the stipulated record on appeal, and thus we have not considered that
contention (*see Matter of Santoshia L.*, 202 AD2d 1027, 1028).

     The mother further contends that her rights were violated by the
admission of the testimony of the court-appointed psychologist because
the psychological evaluation was conducted in English and without the
benefit of a Spanish interpreter.  She also contends that the
methodology utilized by the psychologist to determine that her
comprehension of the English language was sufficient to proceed with
the evaluation in English should have been subject to a *Frye* hearing.
The mother failed to object to the testimony of the psychologist,

however, and thus failed to preserve those contentions for our review (*see generally Matter of Kaylene S. [Brauna S.]*, 101 AD3d 1648, 1648, *lv denied* 21 NY3d 852). We note with respect to the first contention that, in any event, the record establishes that the mother advised the psychologist that she was comfortable proceeding with the evaluation using English when he discussed with her whether the assessments should be conducted in English or Spanish, and that two prior psychological evaluations had been conducted in English.

Contrary to the contention of the mother, the court properly determined that petitioner met its burden of demonstrating by clear and convincing evidence that she is presently and for the foreseeable future unable to provide proper and adequate care for the child by reason of mental illness, particularly severe cognitive deficits and certain personality traits, none of which is treatable (*see Matter of Zachary R. [Duane R.]*, 118 AD3d 1479, 1480; *Kaylene S.*, 101 AD3d at 1648).

Entered: November 13, 2015                    Frances E. Cafarell
                                              Clerk of the Court