# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1119**
**CA 15-00492**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

RESETARITS CONSTRUCTION CORPORATION,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS,
DEFENDANT-RESPONDENT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOSEPH J. MANNA OF COUNSEL),
FOR PLAINTIFF-APPELLANT-RESPONDENT.

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (THOMAS M.
O'DONNELL OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered July 21, 2014. The order, among other things, denied plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action to recover damages for breach of contract arising from a construction project, plaintiff appeals and defendant cross-appeals from an order that denied their respective motion and cross motion seeking, inter alia, summary judgment. We affirm for reasons stated in the decision at Supreme Court. We write only to address plaintiff's contentions regarding the denial of that part of its motion seeking to preclude defendant from presenting certain evidence at trial based on defendant's failure to comply with prior discovery orders. The court concluded that defendant had submitted a letter and other documents in response to the prior discovery orders demonstrating that defendant had complied with the prior orders. Plaintiff failed to include those documents in the record on appeal, however, and we thus are unable to review plaintiff's present contention that the court erred in determining that the documents were sufficient to establish defendant's compliance with the prior orders. Plaintiff, as the party raising this issue on its appeal, "submitted this appeal on an incomplete record and must suffer the consequences" (*Matter of Santoshia L.*, 202 AD2d 1027, 1028; *see Killian v Heiman*, 105 AD3d 1459, 1459-1460; *Matter of Rodriguez v*

*Ward*, 43 AD3d 640, 641).

Entered:  November 13, 2015                Frances E. Cafarell
                                            Clerk of the Court