■ In the Matter of Angela B., Respondent, v Gustavo D., Appellant. [51 NYS3d 874]—

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about September 1, 2015, which, after a hearing, confirmed the findings of the same court (Mary Elizabeth Neggie, S.M.) that respondent father willfully violated an order of the Magistrate, entered on or about January 27, 2012, directing him to make weekly payments of $103.31 for child support, and sentenced him to incarceration for a term of sixty days with a purge amount set at $5,000, unanimously affirmed, without costs. Appeal from order of fact-finding, same court and Support Magistrate, entered on or about September 1, 2015, which found that petitioner mother met her initial burden to show that the father willfully violated the child support order, unanimously dismissed, without costs, as subsumed in the appeal from the September 1, 2015 order confirming the finding of willfulness.

Although the father has completed his sentence, "this appeal 'is not academic, in light of the enduring consequences which might flow from the finding that he violated the [January 27, 2012] order of support' " (*Matter of April G. v Duane M.*, 105 AD3d 491, 491 [1st Dept 2013]).

The father, however, failed to rebut the prima facie evidence of his willful violation of the order of support (see Family Ct Act § 454 [3] [a]) because he presented no evidence of his inability to provide financial support for the subject child other than his own testimony that a medical condition prevented him from obtaining employment (see *Matter of Maria T. v Kwame A.*, 35 AD3d 239, 240 [1st Dept 2006]). Although it is undisputed that the father lost his employment in 2008, and testified about his income and inability to work, he failed to substantiate his claims with documentation that he suffered from depression and that it affected his ability to work (see *Matter of Elyorah E. v Ian E.*, 127 AD3d 449 [1st Dept 2015]; *Matter of Childress v Samuel*, 27 AD3d 295, 296 [1st Dept 2006]). Given the evidence that suggests that the father underreported his income, the Support Magistrate's assessment that he lacked credibility should be afforded deference (see *Matter of Nancy R. v Anthony B.*, 121 AD3d 555, 556 [1st Dept 2014]).

Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.