Matter of Sharon B.-D. v Christopher C. (2019 NY Slip Op 05330)





Matter of Sharon B.-D. v Christopher C.


2019 NY Slip Op 05330


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9790

[*1]In re Sharon B.-D., Petitioner-Respondent,
v
Christopher C., Respondent-Appellant.


Carol Kahn, New York, for appellant.



Order of commitment, Family Court, New York County (Adetokunbo Fasanya, J.), entered on or about April 17, 2018, which confirmed a determination of the Support Magistrate, set forth in an order, entered on or about February 14, 2018, that the respondent father willfully failed to obey an order of the Family Court, and ordered, among other things, that the father be remanded to the NYC Department of Correction for a 24-week period, unanimously affirmed, without costs.
Although the father has completed his sentence, his driver's license and business license are still suspended as a result of the Family Court's finding that he willfully violated the September 23, 2011 order of child support. Accordingly, we find that this appeal is not academic (see Matter of Angela B. v Gustavo D., 150 AD3d 471 [1st Dept 2017]; Matter of April G. v Duane M., 105 AD3d 491 [1st Dept 2013]).
The father, however, failed to rebut the prima facie evidence of his willful violation of the order of support
(see Family Ct Act § 454[3][a]) because he presented no evidence of his inability to provide financial support for the subject child (see Matter of Maria T. v Kwame A., 35 AD3d 239, 240 [1st Dept 2006]). The father admitted in his testimony that he was not paying the support money because, among other things, he had two other children to support and the child was no longer a minor. He also inconsistently testified whether he had financial income. At first, the father indicated that he could not physically work to comply with the child support order. However, he also informed the court that his company received a contractual payment of $297,000 in 2016. He also requested the court to not incarcerate him because he planned to obtain additional employment as a glazier - a job that requires labor. Given the evidence, the court's assessment that the father lacked credibility should be afforded deference (see Matter of Nancy R. v Anthony B., 121 AD3d 555, 556 [1st Dept 2014]).
In light of the father's long history of nonpayment and the large sum of arrears, which exceeds $50,000, the Family Court did not abuse its discretion in imposing a six-month jail sentence (see Matter of Leighton-Ryan v Ryan, 274 AD2d 775, 776 [3d Dept 2000]; cf. Matter of Kephart v Kephart, 84 AD2d 644 [3d Dept 1981]), and was authorized to impose a driver's license suspension and business license suspension in order to enforce the payment of arrears (see Family Ct Act §§ 458-a[a]; 458-b[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK