Matter of Eve S.P. v Steven N.S. (2019 NY Slip Op 08130)





Matter of Eve S.P. v Steven N.S.


2019 NY Slip Op 08130


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10312 10311 10310

[*1] In re Eve S.P., Petitioner-Appellant,
v
Steven N.S., Respondent-Respondent.


Orrick, Herrington & Sutcliffe LLP, New York (Rene Kathawala of counsel), for appellant.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for respondent.



Order, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about December 13, 2018, which, to the extent appealed from as limited by the briefs, denied respondent's objection to a support magistrate's order finding that he willfully violated his child support obligations, and denied petitioner's "Limited Objection" to the order based on the support magistrate's failure to address probation as an additional enforcement remedy, unanimously affirmed, without costs. Order, same court and Judge, entered on or about May 3, 2019, insofar as it confirmed the Support Magistrate's findings on remand as to child support arrears, unanimously reversed, on the law and the facts, and the matter remanded for recalculation of arrears in accordance herewith.
By submitting evidence that respondent was delinquent in his support payments (see Family Court Act [FCA] § 454[3][a]), petitioner established prima facie that respondent willfully violated his child support obligations. Respondent failed to rebut this prima facie showing by presenting evidence of his inability to pay (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). He testified to a loss of income but failed to provide evidence of either his lost employment or his efforts to find new employment (see e.g. Matter of Nancy R. v Anthony B., 121 AD3d 555, 556 [1st Dept 2014]). Further, contrary to respondent's contention, whether respondent eventually satisfied his arrears has no bearing on the court's finding of willfulness (see Matter of Shkaf v Shkaf, 162 AD3d 1152, 1155 [3d Dept 2018]), particularly in light of his previous violations of his support obligations.
In her "Limited Objection," petitioner argues that, in addition to entering a money judgment against respondent for the arrears, the support magistrate was required to address probation as an additional enforcement remedy, and that the support magistrate's failure to set forth the "facts and circumstances" on which the decision not to place respondent on probation was based violated FCA § 454(4). Section 454(4) provides, "The court shall not deny any request for relief pursuant to this section unless the facts and circumstances constituting the reasons for its determination are set forth in a written memorandum of decision." As are all enforcement mechanisms under FCA § 454(3), probation is a matter within the sound discretion of Family Court (Matter of Delaware County Dept. of Social Servs. v Brooker, 272 AD2d 835, 836 [3d Dept 2000], citing FCA § 454[3][a]). The record shows that the possibility of placing respondent on probation was first raised by the support magistrate. Petitioner cites no authority in support of her contention that the support magistrate's aforementioned omission amounts to a statutory violation requiring remand for further proceedings.
Petitioner correctly argues that child support arrears accrued through the date of the hearing on remand, and should be included in the award of arrears, as required by Family Court Act § 459 and in the children's best interests (see generally Matter of Boden v Boden, 42 NY2d [*2]210, 212 [1977]). Therefore, we remand for recalculation of the amount in arrears.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK