Mezinev v Tashybekova (2022 NY Slip Op 05954)

Mezinev v Tashybekova

2022 NY Slip Op 05954

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 300797/16 Appeal No. 16535-16535A Case No. 2021-02542 

[*1]Velin Mezinev, Plaintiff-Appellant,
v
Bermet Tashybekova, Defendant-Respondent.

Velin Mezinev, appellant pro se.
Bermet Tashybekova, respondent pro se.

Order, Supreme Court (Kelly O' Neill Levy, J.), dated February 11, 2021, as amended by order, same court and Justice, entered May 20, 2021, which confirmed the April 20, 2020 report of the Special Referee, and denied plaintiff's motions to vacate child support arrears, reduce child support to reflect poverty level income, remove civil disabilities imposed for nonpayment of child support, stay and modify execution of a court-ordered judgment against him in the amount of $100,000, and for poor person relief, unanimously affirmed, with costs.
Plaintiff contends that the Special Referee -in making her recommendation for equitable distribution, child support, and payment of counsel fees- ignored evidence presented during the hearing regarding his financial situation and defendant's lack of credibility. However, plaintiff fails to include the minutes from the hearing in the record on appeal to allow a full assessment of these arguments. Accordingly, since plaintiff submitted an "incomplete and insufficient record," he must "abide the consequences" (Provencal-Dayle v Dayle, 50 AD3d 502, 503 [1st Dept 2008], lv denied 10 NY3d 716 [2008] [internal quotation marks omitted]). In any event, nothing in the limited record before us conclusively demonstrates that the Referee erred in making her determinations. Contrary to plaintiff's contention, the Referee properly considered his prestigious credentials, his past work experience and earning history which supported the Referee's determination to impute income of $120,000 for the purpose of calculating child support (see Marino v Marino, 183 AD3d 813, 817-818 [2d Dept 2020]).
In view of plaintiff's imputed income, the court properly denied his subsequent motions to vacate child support arrears, reduce child support to reflect poverty level income, remove civil disabilities imposed for nonpayment of child support, stay and modify execution of the judgment against him, and for poor person relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022