Matter of Bejjani (2025 NY Slip Op 06019)

Matter of Bejjani

2025 NY Slip Op 06019

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Index No. 3663/09|Appeal No. 5068-5069-5070|Case No. 2023-04560, 2024-02919, 2024-05706|

[*1]In the Matter of Andree T. Bejjani, Deceased. Paul S. Forster, Petitioner-Respondent,
Joseph Bejjani, Respondent-Appellant, Nada Bejjani, Objectant-Respondent, George Bejjani, Respondent.

Joseph Bejjani, appellant pro se.
Yankwitt LLP, White Plains (Benjamin R. Allee of counsel), for Paul S. Forster, respondent.
Nada Bejjani, respondent pro se.

Decree, Surrogate's Court, New York County (Rita Mella, S.), entered March 28, 2024, which, to the extent appealed from as limited by the briefs, ordered that two-thirds of petitioner co-administrator's counsel fees and one-half of respondent co-administrator George Bejjani's counsel fees be allocated out of respondent objectant Joseph Bejjani's portion of the net settlement proceeds, and discharged petitioner, upon making the payments set forth in the decree, from all liability and accountability as co-administrator of the decedent's estate as to all matters contained in the account and related to the settlement of the causes of action, and bringing up for review so much of an order, same court and Surrogate, entered July 10, 2023, as granted petitioner's motion for summary judgment dismissing certain objections, granted George Bejjani's motion for summary judgment dismissing the rest of the objections, and denied Joseph Bejjani's motion for summary judgment on his objections related to commissions and attorneys' fees and for the Surrogate's recusal, or, in the alternative, to strike certain filings from the record, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the decree.
Appeal from order, same court and Surrogate, entered November 8, 2023, which, to the extent appealed from as limited by the briefs, denied Joseph Bejjani's motion for reconsideration or renewal of the court's July 10, 2023 order and to correct the record, unanimously dismissed, without costs, as perfected on an incomplete record.
Appeal from decision, same court and Surrogate, dated August 12, 2024, unanimously dismissed, without costs, as taken by a nonaggrieved party.
Appeal from decision, dated August 13, 2024, unanimously dismissed, without costs, as taken from a nonappealable paper.
Surrogate's Court providently exercised its discretion in denying Joseph Bejjani's motion for the Surrogate's recusal. Joseph presented no evidence of the court's bias or lack of impartiality, other than its rulings against him in the proceedings. However, a court's rulings do not, by themselves, suffice to establish bias or prejudice (see Liteky v United States, 510 US 540, 555 [1994]; Berger v United States, 255 US 22, 31 [1921]), Nor did Joseph allege that Judiciary Law § 14 applied to require the Surrogate's recusal by reason of interest or consanguinity.
The court providently exercised its discretion in awarding statutory commissions under Surrogate's Court Procedure Act § 2307(1) to petitioner and George Beijjani, who were the co-administrators of the Estate. Joseph Bejjani did not present sufficient evidence to raise a triable issue of fact as to whether the co-administrators had engaged in fraud, neglect of duty, intentional harm to the estate, sheer indifference to the rights of others, or disloyalty (see Matter of Lasdon, 105 AD3d 499, 500 [1st Dept 2013]). Although there was a dispute concerning the decedent's domicile, the co-administrators, when presented with Joseph's evidence, conceded that the decedent was domiciled in New York. Furthermore, George withdrew his request for reimbursement of a disputed invoice for funeral expenses in Lebanon after Joseph engaged in extensive discovery and litigation efforts regarding that issue. Thus, it does not appear from the record that the co-administrators' conduct endangered the estate (see Matter of Armstead v Morgan Guar. Trust Co. of N.Y., 13 AD3d 294, 295 [1st Dept 2004]; see also Matter of Pavlyak, 139 AD3d 1338, 1340 [4th Dept 2016]).
On the other hand, the court providently exercised its discretion in allocating to Joseph's share of the net settlement fund two-thirds of petitioner's legal fees and one-half of George's legal fees (see Matter of Hyde, 15 NY3d 179, 186-187 [2010]). As the court aptly noted, Joseph's continuous yet unsuccessful efforts to demonstrate intentional misconduct and breach of fiduciary duty by the co-administrators, even after they had conceded decedent's domicile and withdrawn the invoice for the funeral, placed an undue burden on the estate. Indeed, Joseph's efforts to discredit the funeral bill of approximately $22,000 cost the Estate over $150,000 in legal fees.
The record is inadequate to address the merits of the appeal of the November 8, 2023 order because the motion and opposition were not included in the record on appeal. That appeal is therefore dismissed (see Provencal-Dayle v Dayle, 50 AD3d 502, 503 [1st Dept 2008], lv denied 10 NY3d 716 [2008]).
On August 12 2024, the court rejected petitioner's application to correct or resettle its March 28, 2024 decree. We dismiss the appeal from the resulting decision, as Joseph Bejjani did not demonstrate that he was aggrieved by the court's decision (CPLR 5511; State of New York v Philip Morris, Inc., 61 AD3d 575, 578 [1st Dept 2009], appeal dismissed 15 NY3d 898 [2010]). In any event, no appeal lies from an order denying resettlement or clarification of an order (see Matter of Quinn, Emanuel, Urquhart & Sullivan, LLP v AVRA Surgical Robotics, Inc., 224 AD3d 557, 558 [1st Dept 2024]).
Finally, on August 13, 2024, the Surrogate declined to sign an order to show cause in which petitioner's counsel sought to withdraw. We dismiss the purported appeal from the Surrogate's refusal to sign the order to show cause, as it is not taken from an appealable paper (see Matter of Azeem v Murphy, 139 AD3d 610, 610 [1st Dept 2016]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025