# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**780**
**CAF 15-00091**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF RONALD CRAMER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DULSA CRAMER, RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF DULSA CRAMER,
PETITIONER-APPELLANT,

V

RONALD CRAMER, RESPONDENT-RESPONDENT.
------------------------------------------------
IN THE MATTER OF MARY HUMPHREY, ESQ., ATTORNEY
FOR THE CHILDREN, PETITIONER-RESPONDENT,

V

RONALD CRAMER, RESPONDENT-RESPONDENT,
AND DULSA CRAMER, RESPONDENT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT AND
PETITIONER-APPELLANT.

CALLI, CALLI & CULLY, UTICA (HERBERT J. CULLY OF COUNSEL), FOR
PETITIONER-RESPONDENT RONALD CRAMER AND RESPONDENT-RESPONDENT.

MARY HUMPHREY, ATTORNEY FOR THE CHILDREN, NEW HARTFORD.

---

Appeal from an order of the Family Court, Oneida County (Julia M. Brouillette, R.), entered December 5, 2014 in proceedings pursuant to Family Court Act article 6. The order, among other things, awarded Ronald Cramer sole custody of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-petitioner-respondent mother appeals from an order granting sole custody of the children to petitioner-respondent-respondent father and supervised visitation with the mother. Contrary to the mother's contention, Family Court made sufficient findings of fact, and its determination has a sound and substantial basis in the record (*see Matter of Ladd v Krupp*, 136 AD3d

1391, 1392-1393). "It is well settled that a concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (*id.* at 1393 [internal quotation marks omitted]). Here, the evidence before the court established that the mother was alienating the children from the father. The mother made it apparent during her testimony that she did not want the children to have a relationship with the father. The mother denied or obstructed the father's visitation with the children and would not cooperate with the visitation supervisors. The totality of the circumstances supported the court's award of custody to the father (*see Matter of Marino v Marino*, 90 AD3d 1694, 1695).

Contrary to the mother's contention, the court's order does not require her to complete a parenting program and comply with mental health counseling as a prerequisite to filing a petition for modification of custody or visitation (*see generally Matter of Avdic v Avdic*, 125 AD3d 1534, 1535; *Matter of Adam H.*, 195 AD2d 1074, 1075). Rather, the court's order states that the mother's completion of such a program and substantial compliance with the mental health counseling ordered by the court would constitute a substantial change of circumstances for any future petition for modification of the order. Nothing in the order prevents the mother from supporting a modification petition with a showing of a different change of circumstances. The court also properly ordered the mother to attend mental health counseling as a component of its order granting her visitation (*see generally Avdic*, 125 AD3d at 1535).

We have considered the mother's remaining contentions and conclude that they are without merit.

Entered: October 7, 2016                         Frances E. Cafarell
                                                 Clerk of the Court