# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**408**
**CAF 15-01737**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ANTHONY ALLEN,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

TAMARA BOSWELL, RESPONDENT-RESPONDENT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR PETITIONER-APPELLANT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered September 2, 2015 in a proceeding pursuant to Family Court Act article 6. The order, among other things, directed that petitioner's visitation with his children be supervised.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking the provision requiring petitioner to complete a parenting class as a prerequisite for modification of visitation and substituting therefor a provision directing that petitioner comply with that condition as a component of supervised visitation, and as modified the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that, inter alia, modified a prior custody and visitation order by directing that he have supervised visitation with the parties' three children and ordering him to attend a parenting class. We reject the father's contention that respondent mother failed to establish a change in circumstances sufficient to warrant an inquiry into the best interests of the children (*see generally Matter of McClinton v Kirkman*, 132 AD3d 1245, 1245). Although Family Court failed to make an express finding that there was a change in circumstances, we have the authority to "review the record to ascertain whether the requisite change in circumstances existed" (*Matter of Curry v Reese*, 145 AD3d 1475, 1475 [internal quotation marks omitted]). A change in circumstances has been found to exist when an incident of domestic violence occurs in the children's presence (*see Matter of Jeremy J.A. v Carley A.*, 48 AD3d 1035, 1036; *see also Matter of Schieble v Swantek*, 129 AD3d 1656, 1657), or when the parties are so unable to communicate without hostility that custody exchanges "resulted in disagreements that required [the] intervention" of others (*Matter of Kylene FF. v Thomas*

*EE.*, 137 AD3d 1488, 1489-1490). Here, the mother's undisputed testimony established that, the last time she met the father to exchange the children, he physically assaulted her in the children's presence such that persons in a nearby parking lot had to intervene. We therefore conclude that the mother established the requisite change in circumstances (*see generally Curry*, 145 AD3d at 1475).

We reject the father's further contention that the court's determination that supervised visitation was in the best interests of the children lacks a sound and substantial basis in the record (*see generally Matter of Procopio v Procopio*, 132 AD3d 1243, 1244, *lv denied* 26 NY3d 915; *Matter of Creek v Dietz*, 132 AD3d 1283, 1284, *lv denied* 26 NY3d 914). The record establishes that the father committed acts of domestic violence against the mother in the children's presence and that he demonstrated poor impulse control during trial. Thus, although there is no evidence in the record that the father physically harmed the children, "the record provides no basis to disturb Family Court's conclusion that limiting [the father] to supervised visitation was in the child[ren]'s best interest[s]" (*Matter of Chilbert v Soler*, 77 AD3d 1405, 1406, *lv denied* 16 NY3d 701; *see generally Fox v Fox*, 177 AD2d 209, 210).

We agree with the father, however, that the court erred to the extent that it ordered that future modification of the father's visitation is conditioned on completion of a parenting class. "[A]lthough a court may include a directive to obtain counseling as a *component* of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation" (*Matter of Ordona v Cothern*, 126 AD3d 1544, 1546 [internal quotation marks omitted]). Thus, "the court lack[s] the authority to condition any future application for modification of [a parent's] visitation on her [or his] participation in . . . counseling" (*id.*). Nevertheless, the court may order that a parent's completion of counseling and compliance therewith "would constitute a substantial change of circumstances for any future petition for modification of the order" (*Matter of Cramer v Cramer*, 143 AD3d 1264, 1265, *lv denied* 28 NY3d 913), provided that "[n]othing in the order prevents the [parent] from supporting a modification petition with a showing of a different change of circumstances" (*id.*). We therefore modify the order by striking the provision requiring the father to complete a parenting class as a prerequisite for modification of visitation and substituting therefor a provision directing that he comply with that condition as a component of supervised visitation.

Entered: April 28, 2017                                    Frances E. Cafarell
                                                           Clerk of the Court