Matter of Santana v Barnes (2022 NY Slip Op 01634)





Matter of Santana v Barnes


2022 NY Slip Op 01634


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.


63 CAF 21-00146

[*1]IN THE MATTER OF SACHA M. SANTANA, PETITIONER-APPELLANT,
v
RICHARD W. BARNES, RESPONDENT-RESPONDENT. 






TYSON BLUE, MACEDON, FOR PETITIONER-APPELLANT. 
CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered December 24, 2020 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child and set a visitation schedule for respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that modified a prior order of custody and visitation by, inter alia, granting the mother sole custody of the subject child, granting respondent father visitation with the child, setting a visitation schedule, and restricting the father's girlfriend from being present when the parents exchange the child. The mother contends that Family Court erred in failing to prohibit the father's girlfriend from having any contact with the child. We reject that contention. "Family Court is afforded wide discretion in crafting an appropriate visitation schedule . . . and has the power to impose restrictions on [a]
child[ ]'s interactions with third parties during visitation if it is in the child[ ]'s best interests to do so" (Matter of Chromczak v Salek, 173 AD3d 1750, 1751-1752 [4th Dept 2019] [internal quotation marks omitted]). Here, the record establishes that there were verbal and physical altercations between the mother and the girlfriend during the exchanges of the child. However, there is no evidence in the record that the girlfriend had harmed or threatened the child. We thus conclude that the court's determination to restrict the girlfriend from the exchanges, but not to restrict her from all contact with the child, is supported by a sound and substantial basis in the record (cf. Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1755-1756 [4th Dept 2020]; see generally Matter of Allen v Boswell, 149 AD3d 1528, 1529 [4th Dept 2017], lv denied 30 NY3d 902 [2017]).
We reject the mother's contention that the court erred in failing to appoint an attorney for the child (AFC). The determination whether to appoint an AFC in a custody and visitation proceeding is discretionary (see Family Ct Act § 249 [a]; Richard D. v Wendy P., 47 NY2d 943, 944-945 [1979]; Lee v Halayko, 187 AD2d 1001, 1002 [4th Dept 1992]). Although a court may appoint an AFC on its own motion (see
§ 249 [a]), we conclude that, given that the child was less than one year old at the time and thus would have been unable to express his wishes to an AFC, the court did not abuse its discretion in not appointing an AFC (see Matter of Keen v Stephens, 114 AD3d 1029, 1032 [3d Dept 2014]; Matter of Darcie T. v Robert M.L., 255 AD2d 955, 955 [4th Dept 1988]; see also § 249 [a]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court