Matter of Kelley v Crammond (2023 NY Slip Op 04030)

Matter of Kelley v Crammond

2023 NY Slip Op 04030

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

447 CAF 23-00016

[*1]IN THE MATTER OF ERIN S. KELLEY, PETITIONER-APPELLANT,
v
ROBERT CRAMMOND, RESPONDENT-RESPONDENT. 

PETER J. DIGIORGIO, JR., UTICA, FOR PETITIONER-APPELLANT. 

 Appeal from an order of the Family Court, Oneida County (Peter Angelini, R.), entered July 6, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed petitioner's violation petitions and granted in part petitioner's petition to modify an existing custody and visitation order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, dismissed her violation petitions against respondent father and granted her petition seeking to modify an existing custody and visitation order to the extent of requiring that the child not be in the presence of the father's wife without "other adult supervision unless . . . [the father] is substantially present." Contrary to the mother's contention, Family Court did not err in dismissing the violation petitions inasmuch as the mother failed to establish that the father's conduct "defeated, impaired, impeded, or prejudiced any right or remedy to which she was entitled" (Matter of Hall v Hawthorne, 99 AD3d 1237, 1238 [4th Dept 2012] [internal quotation marks omitted]; see Matter of Oravec v Oravec, 89 AD3d 1475, 1475 [4th Dept 2011]).
The mother further contends that the court abused its discretion in failing to prohibit the father's wife from having any contact with the child and instead allowing contact with other adult supervision. We reject that contention. "Family Court is afforded wide discretion in crafting an appropriate visitation schedule . . . and has the power to impose restrictions on [a] child[ ]'s interactions with third parties during visitation if it is in the child[ ]'s best interests to do so" (Matter of Santana v Barnes, 203 AD3d 1561, 1561 [4th Dept 2022]; see Matter of Chromczak v Salek, 173 AD3d 1750, 1751-1752 [4th Dept 2019]). We see no basis to disturb the court's determination inasmuch as it "is supported by a sound and substantial basis in the record," including the Lincoln hearing (Santana, 203 AD3d at 1561; see Matter of Carr v Stebbins, 123 AD3d 1164, 1165 [3d Dept 2014]; see generally Matter of Allen v Boswell, 149 AD3d 1528, 1529 [4th Dept 2017], lv denied 30 NY3d 902 [2017]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court