# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**417**
**CAF 14-00451**
PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PATRICK ORDONA,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JENNIFER COTHERN, RESPONDENT-APPELLANT.
--------------------------------------------
IN THE MATTER OF PATRICK ORDONA,
PETITIONER-RESPONDENT,

V

PAMELA CAMPBELL, RESPONDENT-RESPONDENT,
AND JENNIFER COTHERN, RESPONDENT-APPELLANT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

AVERY S. OLSON, JAMESTOWN, FOR PETITIONER-RESPONDENT.

JILL A. SPAYER, ATTORNEY FOR THE CHILD, DUNKIRK.

MICHAEL J. SULLIVAN, ATTORNEY FOR THE CHILD, FREDONIA.

---

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered February 13, 2014 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph to the extent that it delegates authority to a supervising agency to determine the duration of respondent-appellant's visitation with the subject children, and by striking the sixth ordering paragraph requiring respondent-appellant to show substantial compliance with the terms of the prior order concerning drug and alcohol evaluations, mental health evaluations and participation in a parenting skills training program as a prerequisite for modification of visitation and substituting therefor a provision directing that respondent-appellant comply with those conditions as a component of supervised visitation, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Chautauqua County, for further proceedings in accordance with the following memorandum: In this child custody and visitation proceeding pursuant to Family Court Act article 6, respondent-appellant (hereafter, mother) appeals

from an order that, inter alia, granted sole custody of the subject children to petitioner father and restricted the mother's visitation to supervised visits once per month, in the "day time only, up to a maximum of eight hours, depending upon the . . . availability" of an unspecified supervising agency. Contrary to the mother's contention, Family Court did not abuse its discretion in limiting the mother's visitation. It is well settled that "a court's determination regarding . . . visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record, i.e., is not supported by a sound and substantial basis in the record" (*Matter of Rulinsky v West*, 107 AD3d 1507, 1509 [internal quotation marks omitted]; *see Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744). We conclude that there is a sound and substantial basis in the record to support the court's determination that the mother filed false reports with Child Protective Services regarding the father and repeatedly violated prior court orders regarding visitation, and "[i]t is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit" (*Matter of Marino v Marino*, 90 AD3d 1694, 1695 [internal quotation marks omitted]; *see generally Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 726, *lv denied* 7 NY3d 717). We reject the mother's contention that the testimony of the father and his witnesses on those issues is not credible, and, in "reaching that conclusion, we defer to the court's opportunity to assess firsthand the character and credibility of the parties" and their witnesses (*Matter of Granger v Misercola*, 96 AD3d 1694, 1695, *affd* 21 NY3d 86).

Although the court's determination that visitation must be supervised is supported by the record (*see Matter of Peet v Parker*, 23 AD3d 940, 941; *Matter of St. Pierre v Burrows*, 14 AD3d 889, 892), we note that the court set no minimum time period for the monthly visitation and left the duration of visitation, "up to a maximum of eight hours," to be determined solely based on the availability of "any authorized agency that supervises visitation." Consequently, we agree with the mother that the court "erred in failing to set a supervised visitation schedule, implicitly leaving it to the supervisor to determine" the duration of each visit (*Matter of Bonthu v Bonthu*, 67 AD3d 906, 907, *lv dismissed* 14 NY3d 852; *see Matter of Green v Bontzolakes*, 111 AD3d 1282, 1284, *lv denied* 17 NY3d 703). We therefore modify the order accordingly, and we remit the matter to Family Court to determine the duration of visitation.

Furthermore, "[a]lthough a court may include a directive to obtain counseling as a *component* of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation" (*Matter of Avdic v Avdic*, 125 AD3d 1534, ___). Indeed, it is well settled "that the court lack[s] the authority to condition any future application for modification of her visitation on her participation in mental health counseling" (*Matter of Vieira v Huff*, 83 AD3d 1520, 1522). We therefore further modify the order by vacating the requirement that the mother show

substantial compliance with the terms of a prior order concerning drug and alcohol evaluations, mental health evaluations and a parenting skills training program as a prerequisite for a future application to modify visitation and by providing instead that the mother comply with those terms as a component of supervised visitation.

Finally, the mother contends for the first time on appeal that the Attorney for the Child for one of the two children had a conflict of interest that impacted her representation of the child, and thus the mother failed to preserve that contention for our review (*see Matter of Wood v Hargrave*, 292 AD2d 795, 796, *lv denied* 98 NY2d 608; *see also Matter of Carrieanne G.*, 15 AD3d 850, 850, *lv denied* 4 NY3d 709; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court