# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

11
CAF 14-01367
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

IN THE MATTER OF CHRISTOPHER D.S.,
JASMINE S., MACKENZIE L.S., TIMOTHY A.S.,
AND ZACHARY T.S.
--------------------------------------- MEMORANDUM AND ORDER
ALLEGANY COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

RICHARD E.S., RESPONDENT-APPELLANT.

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT.

THOMAS A. MINER, COUNTY ATTORNEY, BELMONT (LESLIE J. HAGGSTROM OF COUNSEL), FOR PETITIONER-RESPONDENT.

JOAN MERRY, ATTORNEY FOR THE CHILDREN, HORNELL.

MICHAEL D. BURKE, ATTORNEY FOR THE CHILD, OLEAN.

Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered April 15, 2014 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondent's guardianship and custody rights with respect to the subject children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from a decision terminating his parental rights with respect to the five subject children. "Although no appeal lies from a mere decision . . . , we exercise our discretion to treat the notice of appeal as valid and deem the appeal from the decision as . . . taken from the order[] of fact-finding and disposition" (*Matter of Ariel C.W.-H. [Christine W.]*, 89 AD3d 1438, 1438; *see Matter of Kessler v Fancher*, 112 AD3d 1323, 1323; *see generally* CPLR 5520 [c]).

Contrary to the father's contention, Family Court did not abuse its discretion in denying his recusal request. The father's request was based on his allegation that the court presided over the prosecution of the father for the sexual abuse of his daughter that formed the basis for this proceeding, and on the father's contention that the court obtained information in violation of the father's attorney-client privilege. Initially, we note that the father's

appellate brief does not address the alleged violation of his attorney-client privilege, and thus he has abandoned that contention (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

" 'Where, as here, there is no allegation that recusal is statutorily required . . . , the matter of recusal is addressed to the discretion and personal conscience of the [Judge] whose recusal is sought' " (*Matter of Angie M.P.*, 291 AD2d 932, 933, *lv denied* 98 NY2d 602; *see Matter of McLaughlin v McLaughlin*, 104 AD3d 1315, 1316; *see generally Matter of Murphy*, 82 NY2d 491, 495). The fact that the same jurist presided over this proceeding in Family Court as well as the criminal prosecution is not a statutory basis for recusal (*see Matter of Karina U.*, 299 AD2d 772, 773, *lv denied* 100 NY2d 501; *see also Matter of Kelley v VanDee*, 61 AD3d 1281, 1284; *see generally People v Moreno,* 70 NY2d 403, 405-406), and we perceive no abuse of discretion.

The father further contends that the court violated his right to due process by determining, inter alia, that petitioner was not required to make diligent efforts to reunite him with the subject children. Although the father did not appeal from the intermediate order in which the court made that determination, "[a]n appeal from a dispositional order of Family Court brings up for review the propriety of a fact-finding order" (*Matter of Lisa E.* [appeal No. 1], 207 AD2d 983, 983). Nevertheless, as the father concedes, the record on appeal does not include the evidence on which the court relied in determining that petitioner need not make diligent efforts to reunite him with the subject children, or a record of the proceedings in which the court made that determination. "It is the obligation of the appellant to assemble a proper record on appeal" (*Gaffney v Gaffney*, 29 AD3d 857, 857; *see Matter of Lopez v Lugo*, 115 AD3d 1237, 1237). The father, "as the appellant, submitted this appeal on an incomplete record and must suffer the consequences" of our inability to review his contention concerning the court's determination that petitioner need not make diligent efforts to reunite him with the subject children (*Matter of Santoshia L.*, 202 AD2d 1027, 1028; *see Matter of Caughill v Caughill*, 124 AD3d 1345, 1347).

We have considered the father's remaining contentions regarding the alleged violation of his due process rights and conclude that they are without merit.

Entered: February 5, 2016

Frances E. Cafarell
Clerk of the Court