■ DARYA BRAVERMAN, Respondent, v ERIC BRAVERMAN, Appellant. [33 NYS3d 39]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered on or about November 6, 2014, which awarded plaintiff primary physical and legal custody of the parties' children, and ordered, inter alia, defendant to have supervised therapeutic access time with the children, unanimously affirmed, without costs.

There is a sound and substantial evidentiary basis for the court's custody determination (*see Matter of Frank M. v Donna W.*, 44 AD3d 495 [1st Dept 2007]; *see also Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Sufficient evidence supports the court's determination that defendant, a physician, committed medical child abuse by exaggerating the children's symptoms and repeatedly subjecting them to unnecessary and at times invasive medical treatment (*see Matter of Andrew B.*, 49 AD3d 638 [2d Dept 2008], *lv denied* 10 NY3d 714 [2008]; *Matter of Patrick GG.*, 286 AD2d 540, 544 [3d Dept 2001]). The court-appointed psychiatrist, specialists in medical child abuse, and the children's pediatrician testified that defendant relentlessly pursued diagnostic medical treatments, took the children to unnecessary specialists, and took them for appointments against the advice of and without telling the pediatrician. The court's determination is further supported by reports from Comprehensive Family Services of his supervised visits with the children, which describe his fixation with their health, his desire to photograph their numerous purported injuries during

his visits, and his desire to seek medical treatment during the visits.

As the court noted, even if defendant's conduct fell short of medical child abuse, other factors warranted awarding custody to plaintiff, including defendant's impaired mental health, his false accusations of abuse, neglect and alienation against plaintiff, and his inferior parenting capabilities. There is support in the record for the court-appointed expert's findings regarding the father's mental health, including the opinions of several other experts, and the court's observations of the father's demeanor during the trial (*Rentschler v Rentschler*, 204 AD2d 60 [1st Dept 1994], *lv dismissed* 84 NY2d 1027 [1995]).

For the same reasons, and due to defendant's conduct during visits, the court properly concluded that supervised visitation is in the children's best interests (*see Ronald S. v Lucille Diamond S.*, 45 AD3d 295 [1st Dept 2007]; *Matter of Gabriel J. [Dainee A.]*, 100 AD3d 572, 573 [1st Dept 2012]; *see also Matter of Arelis Carmen S. v Daniel H.*, 78 AD3d 504 [1st Dept 2010], *lv denied* 16 NY3d 707 [2011]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.