# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**203**
**CAF 15-01632**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MEREDITH GORTON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEREMY V. INMAN, RESPONDENT-APPELLANT.

---

PAUL A. NORTON, CLINTON, FOR RESPONDENT-APPELLANT.

LEVITT & GORDON, NEW HARTFORD (DEAN L. GORDON OF COUNSEL), FOR
PETITIONER-RESPONDENT.

JULIE GIRUZZI-MOSCA, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered June 24, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the third ordering paragraph setting an alternate weekend visitation schedule and reinstating the visitation schedule as set forth in the third ordering paragraph of the amended order entered May 27, 2014, and vacating the eighth ordering paragraph, and as modified the order is affirmed without costs.

Memorandum: Petitioner mother filed a petition alleging that respondent father violated an amended order entered on consent on May 27, 2014, and seeking a modification of that amended order from joint custody to sole custody. The amended order, inter alia, granted the parties joint custody of their child, physical placement with the mother, and visitation to the father, including weekly visits on Thursday evenings, alternate weekends, and various holidays. The amended order specifically provided that the commencement of the weekend visits would alternate between Friday evening and Saturday morning. The amended order further provided that, for the year 2014, the child would be with the mother from 2:00 p.m. on Thanksgiving Day through the weekend, and that holiday visits took precedence over the visitation schedule. The mother's petition alleged that the father failed to exercise several Friday night visits from June through October, 2014, that he refused to return the child at 2:00 p.m. on Thanksgiving Day and instead kept him until 6:00 p.m. on the following Sunday, and that he threatened to disparage the mother to their child.

The mother also alleged that she and the father were unable to communicate regarding the best interests of the child and therefore sought modification of the amended order.  The mother sought an award of sole custody and attorney's fees; however, she did not seek a reduced visitation schedule.  Following a hearing, Family Court credited the mother's testimony and determined that the father wilfully violated the amended order and that the mother established a change of circumstances warranting a determination that the best interests of the child would be served by an award of sole custody to the mother.  The court also reduced the father's visitation by eliminating the Friday night visits and Thursday evening visits and conditioned the father's filing of any future modification petition on his completion of anger management and parenting classes.

We conclude that the father's contention that the court erred in imposing a temporary order of supervised visitation pending the decision "is rendered moot by the court's issuance of a final order of visitation" (*Matter of Kirkpatrick v Kirkpatrick*, 137 AD3d 1695, 1696).  We agree with the father, however, that the court erred in conditioning his right to petition the court upon the completion of anger management and parenting classes, and we modify the order by vacating that ordering paragraph (*see Matter of Ordona v Cothern*, 126 AD3d 1544, 1546).  We also agree with the father that the record does not support the court's determination that it is in the best interests of the child to eliminate the Thursday evening and Friday night visitation periods (*see Matter of Roody v Charles*, 283 AD2d 945, 946).  There was no testimony that there were any problems regarding the Thursday visits.  The mother admitted that she and the father disputed which weekend visits were to commence on Friday and which were to commence on Saturday, but it appears from the record that the parties had resolved that issue prior to the hearing.  Thus, we conclude that the court abused its discretion in eliminating those periods of visitation (*cf. Matter of VanDusen v Riggs*, 77 AD3d 1355, 1356).  We therefore further modify the order by reinstating the schedule set forth in the third ordering paragraph of the amended order entered on May 27, 2014.

We reject the father's contention that the court erred in determining that the mother established a change of circumstances warranting a review of the amended order with respect to custody, and further erred in determining that it was in the best interests of the child to award the mother sole custody (*see Matter of Moore v Moore*, 78 AD3d 1630, 1631, *lv denied* 16 NY3d 704).  The court credited the mother's testimony that the father would yell and swear at her on the telephone and that she therefore communicated with him only through text messages, and the text messages admitted in evidence support the court's determination that, in light of the acrimonious relationship between the parties, the existing joint custody arrangement was inappropriate.  The court's determination is entitled to great deference (*see Matter of Daila W. [Danielle W.-Daniel P.]*, 133 AD3d 1353, 1354), and we conclude that it is supported by a sound and substantial basis in the record (*see Ingersoll v Platt*, 72 AD3d 1560, 1560-1561).

   Finally, the father contends that the court erred in awarding the mother attorney's fees.  Although the order directs the mother's attorney to submit an application for attorney's fees by a specific date, there is nothing in the record establishing that the court awarded attorney's fees.  Because the father submitted the appeal on an incomplete record, he must suffer the consequences of our inability to review that contention (*see Matter of Christopher D.S. [Richard E.S.]*, 136 AD3d 1285, 1286-1287; *Matter of Santoshia L.*, 202 AD2d 1027, 1028).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court