# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**664**

**CAF 16-00204**

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF LAURALEE PFALZER,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

JOHN E. PFALZER, JR., RESPONDENT-RESPONDENT.

---

BRIDGET L. FIELD, ROCHESTER, FOR PETITIONER-APPELLANT.

POPE LAW FIRM, PLLC, WILLIAMSVILLE (PAUL T. BUERGER, JR., OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

JEFFREY D. OSHLAG, ATTORNEY FOR THE CHILDREN, BATAVIA.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered December 22, 2015 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order that dismissed her petition seeking modification of a judgment of divorce that awarded joint custody of the subject children to the parties and primary residential placement to respondent father. The mother's contention that Family Court erred in failing to conduct a *Lincoln* hearing is not preserved for our review (*see Bielli v Bielli*, 60 AD3d 1487, 1487, *lv dismissed* 12 NY3d 896; *Matter of Nielsen v Nielsen*, 225 AD2d 1050, 1050, *lv denied* 88 NY2d 805). In any event, the mother's contention is without merit inasmuch as "[a]n in camera interview is not warranted where, as here, a court has before it sufficient information to determine the wishes of the children" (*Bielli*, 60 AD3d at 1487; *see Matter of Gallo v Gallo*, 138 AD3d 1189, 1191). We reject the mother's contention that she was deprived of her right to effective assistance of counsel based on her attorney's failure to request a *Lincoln* hearing. As noted, "there is no indication that [he] would have succeeded in obtaining a *Lincoln* hearing" even if he had requested one (*Matter of Venus v Brennan*, 103 AD3d 1115, 1117). Furthermore, the mother's attorney could have believed that a *Lincoln* hearing would produce harmful evidence against the mother, and we therefore conclude that the mother failed to "demonstrate the absence of strategic or other legitimate explanations for" her attorney's alleged shortcoming in failing to request a *Lincoln* hearing (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390 [internal quotation marks

omitted]).  Contrary to the mother's further contention, " 'the failure to call particular witnesses does not necessarily constitute ineffective assistance of counsel-particularly where the record fails to reflect that the desired testimony would have been favorable' " (*Matter of Bennett v Abbey*, 141 AD3d 882, 884).  In our view, the mother's contention is "impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on [her] behalf" (*Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1819; *see Matter of Coleman v Millington*, 140 AD3d 1245, 1248).

Lastly, we reject the mother's contention that the court erred in dismissing her petition without conducting an inquiry into the best interests of the children.  We conclude that "there is a sound and substantial basis in the record for Family Court's determination that the mother failed to make the requisite evidentiary showing of a change in circumstances to warrant an inquiry into whether the best interests of the child[ren] would be served by modifying the existing custody arrangement" (*Matter of Thompson v Thompson*, 124 AD3d 1354, 1354).

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court