██ In the Matter of RACHEL A. MONTALBANO, Respondent, v GREGORY F. BABCOCK, Appellant. (Appeal No. 2.) [65 NYS3d 396]—

Appeal from an amended order of the Family Court, Oswego County (Thomas Benedetto, R.), entered July 29, 2016 in a proceeding pursuant to Family Court Act article 6. The amended order, among other things, awarded petitioner sole legal custody of the subject child.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding alleging that respondent father took the parties' son on a boat ride in violation of an order requiring that his visitation with the child be supervised. In her petition, the mother requested that she be awarded sole legal custody of the child. Following fact-finding and dispositional hearings, Family Court issued an order and amended order that, inter alia, modified the prior order of custody and visitation to grant the mother sole legal custody and to provide that the father's visitation would take place through a particular agency. At the outset, we dismiss the father's appeal from the order in appeal No. 1 because that order was superseded by the amended order in appeal No. 2 (*see Matter of Tuttle v Mateo* [appeal No. 3], 121 AD3d 1602, 1603 [4th Dept 2014]).

The father contends that the court erred in failing to conduct a *Lincoln* hearing with the child, who was 13 years old at the time of the fact-finding and dispositional hearings. That contention is not preserved for our review because the father did not request a *Lincoln* hearing (*see Matter of Olufsen v Plummer*,

105 AD3d 1418, 1419 [4th Dept 2013]). In any event, we conclude that the court did not abuse its discretion in failing to conduct such a hearing, inasmuch as the Attorney for the Child provided the court with sufficient information concerning the child's wishes, i.e., that the child was in favor of the mother's petition (*see Matter of Pfalzer v Pfalzer*, 150 AD3d 1705, 1706 [4th Dept 2017], *lv denied* 29 NY3d 918 [2017]; *cf. Matter of Noble v Brown*, 137 AD3d 1714, 1714-1715 [4th Dept 2016]; *see generally Matter of Walters v Francisco*, 63 AD3d 1610, 1611 [4th Dept 2009]).

We reject the father's further contention that the court erred in permitting the mother to testify to out-of-court statements made by the child. Such statements, if corroborated, are admissible in custody and visitation proceedings that are "based in part upon allegations of abuse or neglect" (*Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [3d Dept 2008], *lv denied* 12 NY3d 706 [2009]; *see* Family Ct Act § 1046 [a] [vi]; *Matter of Hamilton v Anderson*, 143 AD3d 1086, 1087 [3d Dept 2016]; *Matter of East v Giles*, 134 AD3d 1409, 1410-1411 [4th Dept 2015]). Here, the mother's petition included a screenshot of a Facebook post in which the father stated that the child himself had operated the boat for the first time, and had raced another boat at 70 miles per hour. We conclude that the father's alleged conduct in allowing a 13-year-old child with no prior experience to operate a boat in that manner "would support a finding of neglect" (*Matter of Bernthon v Mattioli*, 34 AD3d 1165, 1166 [3d Dept 2006]; *see generally* § 1012 [f] [i] [B]), and that the child's statements about the incident were corroborated by the screenshot (*see Matter of Mildred S.G. v Mark G.*, 62 AD3d 460, 462 [1st Dept 2009]), which was properly admitted in evidence at the fact-finding hearing based on the mother's testimony that it accurately represented the father's Facebook page on the date in question and that she had communicated with the father through his Facebook page in the past (*see Matter of Rutland v O'Brien*, 143 AD3d 1060, 1062 [3d Dept 2016]; *see generally People v Price*, 29 NY3d 472, 478-480 [2017]).

We also reject the father's contention that the court erred in failing to set a more specific schedule for his supervised visitation (*cf. Matter of Ordona v Cothern*, 126 AD3d 1544, 1545-1546 [4th Dept 2015]). In its decision, the court stated that it intended that the father receive visitation comparable in "frequency and duration" to his visitation under the prior order, "subject to the availability of" the supervising agency. We conclude that the court thereby satisfied its obligation to set a visitation schedule even though it did not specify the days of

the week or times of day that visitation would occur (*see Matter of Izrael J. [Lindsay F.]*, 149 AD3d 630, 630 [1st Dept 2017]; *Matter of Alan U. v Mandy V.*, 146 AD3d 1186, 1189 [3d Dept 2017]; *see generally Matter of Vieira v Huff*, 83 AD3d 1520, 1521 [4th Dept 2011]).

We further conclude that there is a sound and substantial basis in the record for the court's award of sole legal custody to the mother (*see Matter of Terramiggi v Tarolli*, 151 AD3d 1670, 1671 [4th Dept 2017]). The record establishes that joint custody was no longer feasible in view of the parties' inability to communicate (*see Matter of Smith v O'Donnell*, 107 AD3d 1311, 1313 [3d Dept 2013]; *see generally Matter of Ladd v Krupp*, 136 AD3d 1391, 1392 [4th Dept 2016]), and that an award of sole custody to the mother was in the child's best interests (*see generally Matter of Gorton v Inman*, 147 AD3d 1537, 1538-1539 [4th Dept 2017]). Even assuming, arguendo, that the court did not set forth sufficient findings with respect to the best interests of the child, we conclude that reversal is not thereby warranted inasmuch as the record is adequate for us to make a best interests determination, and it supports the result reached by the court (*see generally Matter of Howell v Lovell*, 103 AD3d 1229, 1231 [4th Dept 2013]).

We have considered the father's remaining contentions and conclude that they do not warrant reversal or modification of the amended order. Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.