Matter of Unczur v Welch (2018 NY Slip Op 01757)





Matter of Unczur v Welch


2018 NY Slip Op 01757


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


252 CAF 16-00862

[*1]IN THE MATTER OF PETER J. UNCZUR, JR., PETITIONER-RESPONDENT-APPELLANT,
v
DEBRA A. WELCH, RESPONDENT-PETITIONER-RESPONDENT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT.
LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-PETITIONER-RESPONDENT.
AVERY S. OLSON, JAMESTOWN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Chautauqua County (Jeffrey A. Piazza, J.), entered April 22, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified the parties' existing custodial arrangement by granting respondent-petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father appeals from an order that, inter alia, modified the parties' existing custodial arrangement by granting respondent-petitioner mother sole custody of the parties' child, with visitation to the father. The father contends that Family Court abused its discretion in granting the Attorney for the Child's motion to change venue from Madison County to Chautauqua County inasmuch as the court failed to consider the hardship on the father. The father, however, failed to include the motion papers and any transcript of proceedings on the motion in the record on appeal. Inasmuch as it is the father's responsibility, as the appellant, to assemble an adequate record on appeal, and he has failed to do so with respect to this issue, we cannot review the propriety of the court's decision to change venue (see Matter of Christopher D.S. [Richard E.S.], 136 AD3d 1285, 1286-1287 [4th Dept 2016]; Matter of Lopez v Lugo, 115 AD3d 1237, 1237 [4th Dept 2014]).
Contrary to the father's further contention, the court properly determined that he failed to establish by clear and convincing evidence that the mother willfully violated the terms of the custody order with respect to his visitation (see Matter of Palazzolo v Giresi-Palazzolo,138 AD3d 866, 867 [2d Dept 2016]). The record establishes that the purported violations were the result of the child's refusal to comply with the order (see Matter of James XX. v Tracey YY., 146 AD3d 1036, 1038 [3d Dept 2017]), or were based on misunderstandings between the parties.
We conclude that there is a sound and substantial basis in the record for the court's award of sole custody to the mother (see Matter of Terramiggi v Tarolli, 151 AD3d 1670, 1671 [4th Dept 2017]). Contrary to the father's contention, the record established the requisite change in circumstances warranting an inquiry into whether a change in custody is in the best interests of the child based on, inter alia, the inability of the parties to communicate in a manner conducive to sharing joint custody (see Werner v Kenney, 142 AD3d 1351, 1351-1352 [4th Dept 2016]). Moreover, the court properly concluded that awarding sole custody of the child to the mother, with whom the child had principally resided, was in the best interests of the child (see generally Matter of Gorton v Inman, 147 AD3d 1537, 1537-1539 [4th Dept 2017]; Williams v Williams, 100 AD3d 1347, 1348 [4th Dept 2012]). The hearing testimony established that the mother provided a more stable environment for the child and was better able to nurture the child. "Even [*2]assuming, arguendo, that the court did not set forth sufficient findings with respect to the best interests of the child, we conclude that reversal is not thereby warranted inasmuch as the record is adequate for us to make a best interests determination, and it supports the result reached by the court" (Matter of Montalbano v Babcock, 155 AD3d 1636, 1638 [4th Dept 2017]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court