Matter of Elisa N. v Yoav I. (2019 NY Slip Op 01843)





Matter of Elisa N. v Yoav I.


2019 NY Slip Op 01843


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Richter, J.P., Gische, Kern, Moulton, JJ.


8712

[*1]In re Elisa N., Petitioner-Respondent,
v
Yoav I., Respondent-Appellant.


Bruce A. Young, New York, for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order, Family Court, New York County (Susan M. Doherty, Referee), entered on or about January 20, 2016, insofar as it granted petitioner mother's summary judgment motion and petition to modify a prior custody order, and awarded her sole custody of the subject children, unanimously affirmed, without costs.
A motion for summary judgment may be utilized in proceedings under Family Court Act article 6 (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]). The motion should only be granted when there are no material facts disputed sufficiently to warrant a trial (see Matter of Singer v Levitt, 65 AD3d 634 [2d Dept 2009]). The Family Court providently exercised its discretion in allowing the mother to file a late motion for summary judgment and did not err in
granting her application (Goodman v Gudi, 264 AD2d 758 [2nd Dept 1999]).
Contrary to the father's contention, the court properly determined that a full plenary hearing was not required because it possessed ample information to render an informed decision on the children's best interests and because the father offered no proof that he was in compliance with his treatment of his mental health issue (see Matter of Martha V. v Tony R., 151 AD3d 653 [1st Dept 2017]; Matter of Tony R. v Stephanie D., 146 AD3d 691 [1st Dept 2017]; Matter of Fayona C. v Christopher T., 103 AD3d 424 [1st Dept 2013]). Both parties and the attorney for the children were provided an opportunity to present their positions, and the court made the factual basis for its determination clear on the record.
Further, the court's decision to modify custody based on a change in circumstances and the best interests of the children has a sound and substantial basis in the record. Contrary to the father's contention, the neglect finding against him constituted a change in circumstances warranting a modification of the prior custody arrangement (Matter of Zen'Nya G. [Nina W.], 126 AD3d 566 [1st Dept 2015]; Matter of Gabriel J.[Dainee A.], 100 AD3d 572, 573 [1st Dept 2012]). Moreover, in October 2014, following a full hearing, the court made an award of custody to the mother, with supervised visitation to the father. The court indicated that supervision would be without end unless the father could demonstrate that he was receiving treatment for his mental illness within the next six months. There is no dispute that he did not get such treatment and that the safety risk to the children has not been mitigated since then.
The Family Court properly determined that supervision of the father's visits was in the children's best interests, particularly given the evidence of the father's persistent noncompliance with treatment for his mental illness and his threats to harm the children, which placed the children at risk (see Braverman v Braverman 140 AD3d 413 [1st Dept 2016], lv denied 28 NY3d [*2]910 [2016]; Matter of Arelis Carmen S. v Daniel H., 78 AD3d 504 [1st Dept 2010], lv denied 16 NY3d 707 [2011]).
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK