Matter of Jaxon S. (Jason S.) (2019 NY Slip Op 02255)





Matter of Jaxon S. (Jason S.)


2019 NY Slip Op 02255


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1475 CAF 17-02037

[*1]IN THE MATTER OF JAXON S. COMMISSIONER OF THE ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JASON S., RESPONDENT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA (WENDY R. WELCH OF COUNSEL), FOR PETITIONER-RESPONDENT.
TERESA M. PARE, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered October 31, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights to the subject child. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect and freed the child for adoption. Initially, we note that the father's appeal from the order insofar as it concerns the disposition has been rendered moot by the subsequent adoption of the child (see Matter of Iyanna KK. [Edward KK.], 141 AD3d 885, 886 [3d Dept 2016]; Matter of Alexis C. [Jacqueline A.], 99 AD3d 542, 542-543 [1st Dept 2012], lv denied 20 NY3d 856 [2013]), and the exception to the mootness doctrine does not apply (see Matter of Karlee JJ. [Jessica JJ.], 105 AD3d 1304, 1305 [3d Dept 2013]). Nonetheless, the father's appeal brings up for review the propriety of the order of fact-finding determining that he permanently neglected the child (see Matter of Christopher D.S. [Richard E.S.], 136 AD3d 1285, 1286 [4th Dept 2016]; Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]).
Contrary to the father's contention, we conclude that petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the child (see Social Services Law § 384-b [7] [a]; Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1305-1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]). The evidence adduced at the fact-finding hearing established that petitioner's caseworker, inter alia, asked the father for names of relatives who might be a custodial resource for the child, ascertained the father's whereabouts when the father failed to maintain contact with the caseworker, informed the father of his right to visitation with the child while incarcerated, provided the father with informational updates and photographs of the child, and provided the father with reports prepared in conjunction with the permanency hearings ordered by Family Court (see Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539-1540 [4th Dept 2018], lv denied 32 NY3d 905 [2018]; Matter of Kaiden AA. [John BB.], 81 AD3d 1209, 1210 [3d Dept 2011]). We further conclude that, despite those diligent efforts, the father failed to plan for the future of the child (see Soraya S., 158 AD3d at 1306). The father's plan, i.e., for the child to remain in foster care until the father was released from prison at some indefinite future time, was inadequate, particularly in light of the father's failure to engage in drug treatment and parenting classes while incarcerated (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430-431 [2012]; Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d [*2]901 [2014]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court