Matter of Riley v Kidney (2022 NY Slip Op 05469)

Matter of Riley v Kidney

2022 NY Slip Op 05469

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

734 CAF 21-01134

[*1]IN THE MATTER OF EBONY RILEY, PETITIONER-APPELLANT,
v
JOSHUA KIDNEY, RESPONDENT-RESPONDENT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR PETITIONER-APPELLANT. 
TED A. BARRACO, PITTSFORD, FOR RESPONDENT-RESPONDENT. 
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Fatimat O. Reid, J.), entered July 21, 2021 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody and primary physical residency of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, modified a prior custody order by granting respondent father sole custody of the parties' daughter. We affirm.
The mother's contention that Family Court should have ordered a child protective investigation of the father pursuant to Family Court Act § 1034 is unpreserved for our review (see Matter of Kakwaya v Twinamatsiko, 159 AD3d 1590, 1591 [4th Dept 2018], lv denied 31 NY3d 911 [2018]; Matter of Canfield v McCree, 90 AD3d 1653, 1654 [4th Dept 2011]; see also Matter of Lydia C. [Albert C.], 89 AD3d 1434, 1437 [4th Dept 2011]).
We reject the mother's further contention that the court erred in granting the father sole custody of the subject child. "[A] court's determination regarding custody . . . issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight" (Matter of Saunders v Stull, 133 AD3d 1383, 1383 [4th Dept 2015]; see Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]) and "will not be disturbed as long as it is supported by a sound and substantial basis in the record" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]; see Dubuque, 79 AD3d at 1744). Here, the court's determination that the father is better able to provide for the child's needs is supported by the requisite sound and substantial basis in the record and thus will not be disturbed (see Matter of Stilson v Stilson, 93 AD3d 1222, 1223 [4th Dept 2012]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court