Matter of Shakema R. v Mesha B. (2025 NY Slip Op 01512)

Matter of Shakema R. v Mesha B.

2025 NY Slip Op 01512

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

603 CAF 23-00589

[*1]IN THE MATTER OF SHAKEMA R., PETITIONER-RESPONDENT,
v
MESHA B., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered November 29, 2022, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking the third ordering paragraph requiring respondent to submit proof that he is engaged in and compliant with mental health counseling with a psychiatrist as a prerequisite to filing a modification petition and substituting therefor a provision requiring respondent to comply with that condition as a component of supervised visitation, and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order entered in a proceeding pursuant to Family Court Act article 6 that, inter alia, granted sole custody of the subject child to petitioner in appeal No. 1, the subject child's mother, Shakema R., and ordered that the father have supervised visitation with the child. In appeal No. 2, the father appeals from an order issued in a proceeding pursuant to Family Court Act article 6 that, inter alia, ordered that petitioner in appeal No. 2, the subject child's mother, Charde P., continue to have sole custody of subject child, and ordered that father have supervised visitation with the child. In appeal Nos. 3 and 4, the father appeals from two orders of fact-finding and disposition entered in proceedings pursuant to Family Court Act article 10, each of which adjudged that the father neglected the respective subject child. The four orders were entered after Family Court jointly held the hearings on the article 6 custody and visitation petitions and the article 10 neglect petitions.
We reject the father's contention in all four appeals that the court abused its discretion in denying his request to adjourn the combined hearing to allow him more time to secure witness testimony. " '[T]he determination whether to grant a request for an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (Matter of Jaylin B. [Mariah S.], 221 AD3d 1418, 1420 [4th Dept 2023], lv denied 41 NY3d 905 [2024]). Here, the court did not abuse its discretion in denying the father's request for an adjournment inasmuch as the father's counsel stated that she contacted all of the people on the father's proposed witness list and none of those proposed witnesses had information about the case (see Matter of Steven B., 6 NY3d 888, 889 [2006]).
Next, in appeal Nos. 3 and 4 the father contends that the findings of neglect are not supported by a preponderance of the evidence. We reject that contention. A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be [*2]inflicted harm, or a substantial risk thereof . . . or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]). "The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care
. . . This is an objective test that asks whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances" (Matter of Barry G., Jr. [Barry G.], 221 AD3d 1596, 1596 [4th Dept 2023], lv denied 41 NY3d 904 [2024] [internal quotation marks omitted]). " 'A respondent's mental condition may form the basis of a finding of neglect if it is shown by a preponderance of the evidence that his or her condition resulted in imminent danger to the child[ ],' " although " '[p]roof of mental illness alone will not support a finding of neglect . . . The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ ]' " (Matter of Lil B. J.-Z. [Jessica N.J.] [appeal No. 2], 194 AD3d 1413, 1414 [4th Dept 2021]).
Here, the agency "established, by a preponderance of the evidence, the existence of a causal connection between [the father's actions] and actual or potential harm to the child[ren]" based upon the father's "repeated unfounded allegations of [sexual and physical] abuse . . . , necessitating that the children undergo . . . interviews regarding intimate issues" (Matter of Tyler W. [Janice B.], 149 AD3d 968, 969 [2d Dept 2017]; see Matter of Leilani D. [Linsford D.], 190 AD3d 478, 478 [1st Dept 2021]; Matter of Morgan P., 60 AD3d 1362, 1362 [4th Dept 2009]; see generally Matter of Elizabeth W. [Theresa W.], 74 AD3d 1787, 1788 [4th Dept 2010], lv denied 16 NY3d 704 [2011]). Thus, the record establishes that there was a risk of imminent emotional harm to the children that was caused by the father's conduct (see Matter of Juliette R. [Jordan R.T.], 203 AD3d 1678, 1679 [4th Dept 2022]; Matter of Salvatore M. [Nicole M.], 104 AD3d 769, 769 [2d Dept 2013], lv denied 21 NY3d 858 [2013]). We therefore conclude in appeal Nos. 3 and 4 that the court's findings of neglect have a sound and substantial basis in the record (see Lil B. J.-Z., 194 AD3d at 1414; see generally Matter of Ahren B.-N. [Gary B.-N.], 222 AD3d 1403, 1404 [4th Dept 2023], lv denied 41 NY3d 909 [2024]).
Contrary to the father's contention in appeal No. 2, although the court modified the prior custody order in that appeal without making an express finding of a change in circumstances sufficient to warrant an inquiry in the subject child's best interests (see Matter of Kirkland v Crawford, 225 AD3d 1127, 1127-1128 [4th Dept 2024], lv denied 42 NY3d 901 [2024]; see generally Matter of Osborne v Tulwits, 227 AD3d 1541, 1541-1542 [4th Dept 2024]), upon our own review of the record, we nevertheless conclude that the mother in appeal No. 2 established the requisite change in circumstances. Specifically, the father's resort to self-help in withholding the child in appeal No. 2 from her mother after the alleged disclosures made by that child constituted a change in circumstances (see Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587 [3d Dept 2023]; Matter of Fox v Fox, 93 AD3d 1224, 1225 [4th Dept 2012]).
In all four appeals, we reject the father's challenges to the determinations that it is in the best interests of the subject children to award sole custody to their respective mothers, with supervised visitation for the father. Where, as here, the court "jointly hear[s] the hearing on the custody and visitation petition[s] under [article 6] and the dispositional hearing on the petition[s] under article [10] . . . , the court must determine the custody and visitation petition[s] in accordance with the terms of . . . article [6]" (Family Ct Act § 651 [c-1]; see § 1055-b [a-1]; Matter of Lillyana B. [Brittney B.], 221 AD3d 1522, 1522-1523 [4th Dept 2023]).
Although the court did not expressly state which factors it considered in conducting its best interests analyses, reversal is not warranted on that ground with respect to either child inasmuch as the record is adequate for this Court to make a best interests determination, and it supports the result reached by the hearing court (see Matter of Bailey v Bailey, 213 AD3d 1329, 1330 [4th Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Montalbano v Babcock, 155 AD3d 1636, 1638 [4th Dept 2017], lv denied 31 NY3d 912 [2018]). "A custody determination by the trial court must be accorded great deference
. . . and should not be disturbed where . . . it is supported by a sound and substantial basis in the record" (Matter of Benson v Smith, 178 AD3d 1430, 1431 [4th Dept 2019] [internal quotation marks omitted]). "In making a custody determination, the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the [*3]current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]).
Here, the court's determinations with respect to custody and visitation have a sound and substantial basis in the record inasmuch as the evidence at the hearing established that the children are currently thriving in the care of their respective mothers, and there is a risk that the father will unreasonably keep the children in his custody if allowed to visit them unsupervised (see generally Matter of Owens v Garner, 63 AD3d 1585, 1586 [4th Dept 2009]). With respect to the determinations that the father have only supervised visitation with each subject child, such visitation is in the children's best interests because the father's relentless pursuit of uncovering sexual or physical abuse is not beneficial to either child (see generally Braverman v Braverman, 140 AD3d 413, 413 [1st Dept 2016], lv denied 28 NY3d 910 [2016]). Furthermore, both mothers testified to having close relationships with the father's mother, who would be supervising the father's visitation, and the mothers stated that they were willing to work with the father's mother to organize visits, demonstrating that they were willing to foster a positive relationship between the children and the father (see Matter of Muriel v Muriel, 228 AD3d 1345, 1347 [4th Dept 2024]; Matter of Cameron C., 283 AD2d 946, 947 [4th Dept 2001], lv denied 97 NY2d 606 [2001]; see generally Matter of LaFountain v Gabay, 69 AD3d 994, 995 [3d Dept 2010]).
Finally, we agree with the father in appeal Nos. 1 and 2 that the court erred in conditioning his right to file modification petitions with respect to the order of custody in appeal No. 1 and the order of custody and visitation in appeal No. 2. "It is well established that a court lacks authority to condition any future application for modification of a parent's [custody or] visitation on [that parent's] participation in mental health treatment" (Benson, 178 AD3d at 1432; see Matter of Allen v Boswell, 149 AD3d 1528, 1529 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). We therefore modify the order in appeal No. 1 by striking the provision requiring that the father submit proof that he is engaged in and compliant with mental health counseling with a psychiatrist as a prerequisite to filing a modification petition and providing instead that the father comply with that condition as a component of supervised visitation (see Matter of Ordona v Cothern, 126 AD3d 1544, 1546 [4th Dept 2015]). We likewise modify the order in appeal No. 2 by striking the provision requiring that the father complete or comply with a mental health evaluation and recommended treatment as a prerequisite to filing a modification petition, and providing instead that the father comply with that condition as a component of supervised visitation (see id.).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court