Matter of Deas v Contreras (2025 NY Slip Op 07159)

Matter of Deas v Contreras

2025 NY Slip Op 07159

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

867 CAF 24-01319

[*1]IN THE MATTER OF TRISTINA DEAS, PETITIONER-APPELLANT,
vRONALD CONTRERAS, RESPONDENT-RESPONDENT.

BRIAN P. DEGNAN, BATAVIA, FOR PETITIONER-APPELLANT.
SALCEDO APPEALS PLLC, BUFFALO (STEVEN B. SALCEDO OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
ANDREW J. DIPASQUALE, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Nicole E. Bayly, R.), entered August 9, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole legal and physical custody of the subject child to respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, granted respondent father sole legal and physical custody of the parties' daughter. We affirm.
We reject the mother's contention that Family Court erred in granting the father sole custody of the subject child. "A court's custody determination, including its evaluation of a child's best interests, is entitled to great deference and will not be disturbed as long as it is supported by a sound and substantial basis in the record" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]). Here, the court's determination that the father was better able to provide for the child is supported by the requisite sound and substantial basis in the record and thus will not be disturbed (see Matter of Riley v Kidney, 208 AD3d 1651, 1651-1652 [4th Dept 2022], lv denied 39 NY3d 904 [2022]). Contrary to the mother's further contention, the court did not fail to consider allegations that the father engaged in acts of domestic violence. Rather, the court rejected those allegations, as evidenced by its dismissal of the parties' family offense petitions for lack of evidence (see generally Matter of Russell v Russell, 173 AD3d 1607, 1609 [4th Dept 2019]).
We reject the mother's contention that the court improperly considered matters outside the record—specifically the mother's attempts to contact the court after the close of proof—in making its determination. The court clearly stated that the mother's actions following the trial had neither "been reviewed nor considered for purposes of [its] decision." We reject the mother's contention that she received ineffective assistance of counsel based on her attorney's failure to reopen the proof to permit the mother to properly submit additional evidence (see generally Matter of Pfalzer v Pfalzer, 150 AD3d 1705, 1706 [4th Dept 2017], lv denied 29 NY3d 918 [2017]). We also conclude that the court properly denied the mother's request to relieve her attorney inasmuch as the mother failed to demonstrate good cause warranting substitution of counsel (see Matter of Burley v Richmond, — AD3d &mdash, 2025 NY Slip Op 06506, *2 [4th Dept 2025]; Matter of Alexander S. [David S.], 130 AD3d 1463, 1464 [4th Dept 2015], lv denied 26 NY3d 910 [2015], appeal dismissed & lv denied 26 NY3d 1030 [2015], rearg denied 26 NY3d 1132 [2016]). We have considered the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court